THE UNION PACIFIC RAILWAY COMPANY, PLAINTIFF, V. THE COUNTY OF YORK AND L. J. GANDY, TREASURER, DEFENDANTS.

A **Sinking Fund Tax** is a tax raised to be applied to the payment of the interest and principal of a *public loan*, and it cannot, under the statute, be levied for the payment of floating indebtedness.   *U. P. Railway Co. v. Buffalo Co.*, 9 Neb., 449.

ORIGINAL application for an injunction.

*A. J. Poppleton* and *J. M. Thurston*, for plaintiff.

*France & Sedgwick*, for defendants.

COBB, J.

This is an original action commenced in this court by the plaintiff for the purpose of enjoining the collec-

tion of certain sinking fund taxes levied on its lands in York county. The petition alleges that for and during the year 1879, the county commissioners of said county of York caused to be levied upon the lands of said plaintiff, in said county, a sinking fund tax, so-called * * * * * that said sinking fund tax was carried on to the books of the treasurer in the manner provided by law, and that the said commissioners ordered and directed the said treasurer, by their warrant, to enforce and collect the same in pursuance of the statutes in such case made and provided. That the said sinking fund tax was levied solely for the purpose of paying one year's interest on and thirty per cent principal of the outstanding floating indebtedness thereof. That the bonded indebtedness of said county is as follows: For county railroad bonds, $90,500, which is secured by a levy of eight mills; for county funding bonds, $22,000, which is secured by a levy of five mills. That this is the only bonded indebtedness of said county, but that no portion of said sinking fund tax was levied for or is to be applied in payment thereof, or the interest thereon, but was for the purpose of paying one year's interest on, and of finally extinguishing the outstanding or floating indebtedness of said county, not bonded, and which amounts in the aggregate to $8,207.88, etc. Also that the tax list, which includes the said sinking fund tax, is now in the hands of L. J. Gandy, treasurer of said county, and that unless restrained by the order of this court, plaintiff is advised and believes that he will proceed to enforce the same against the said lands by a seizure and sale thereof, in pursuance of the statute for the collection of taxes, etc.

The defendants by answer admit that for and during the year 1879, the county commissioners of said county of York levied a sinking fund tax, and that said sink-

ing fund tax was so levied for the purpose of paying one year's interest on and thirty per cent of the principal of the outstanding indebtedness of said county, and that said levy was upon all the lands and taxable property of said county, including lands of plaintiff; and admit that the only bonded indebtedness of said county consists of $90,500 in county railroad bonds, which is secured by a levy of eight mills, and of $22,000 in county funding bonds, which is secured by a levy of five mills, and they deny each and every allegation in said petition contained not in said answer specifically admitted.

It was claimed at the hearing, by defendant's counsel, that as defendants did not, specially or in terms, admit by their answer that the said sinking fund tax was carried out upon the tax list in the hands of the county treasurer for collection, and that unless restrained he would enforce the same against the lands of plaintiff, that the said facts were denied by their general denial of " each and every allegation in said petition contained not herein specifically admitted," and that it was necessary on the part of the plaintiff that he prove the same.

I do not consider the said allegations necessary either to be pleaded or proved in order to establish the plaintiff's right of action. The essential thing is the levy of the tax; when once levied it becomes a perpetual lien on the land, dating back to the first day of April of the current year. It is the duty of the county clerk to place them in the tax list and deliver such list to the county treasurer, together with a warrant commanding him to collect the taxes therein mentioned, etc.

The defendants having admitted by their answer the levy by the county commissioners of this sinking fund tax, they cannot be permitted in this technical

and indirect manner to deny any of the necessary results of such levy. If it be true that after the levy of such taxes, and before the county clerk had prepared the tax list, the county authorities were advised of the illegality of such levy and rescinded it, or directed the clerk to leave it out of the tax list, and it was so omitted, these facts should have been set out in the answer, and might have constituted a defense to this action.

The case then presents the simple question of the legality of a levy of a sinking fund tax to pay off the floating indebtedness of the county. This was also the sole question in the case of the *U. P. R. R. Co. v. Buffalo County*, 9 Neb., 449, in which case, after able argument, it was held in effect that there was no law of this state authorizing the levy of a sinking fund tax to pay off the floating indebtedness of a county. I am entirely satisfied with the opinion in that case, and do not think that it should be disturbed. And it standing admitted upon the pleadings that the plaintiff has paid all the taxes on the said lands, other than the sinking fund tax in question, the injunction heretofore granted is made perpetual.

JUDGMENT ACCORDINGLY.