JOHN O'DONOHUE, PLAINTIFF IN ERROR, v. JACOB R. HENDRIX, DEFENDANT IN ERROR.

1. A bill of exceptions is necessary only to bring into the record that which without one would not be a part thereof.

2. A motion for a new trial is necessary only in those cases where a trial has been had. If the court has merely construed the pleadings or some of them, as in sustaining or overruling a

demurrer to a petition, answer or reply, no motion for a new trial is necessary.

3. **Pleading**: PRACTICE. Where the facts stated in a petition do not constitute a cause of action, merely filing an answer is not a waiver of that defect.

MOTION to strike petition in error from files.

*Clarkson & Hunt*, for the motion.

*Redick & Redick*, contra.

BY THE COURT.

This is a motion to strike a petition in error from the files.

*First.* Because there is no bill of exceptions.

*Second.* Because there was no motion for a new trial in the court below.

*Third.* Because the plaintiff in error (defendant below) did not elect to stand upon his demurrer to the petition.

Are any or all the causes sufficient to authorize the court in striking the petition in error from the files?

A bill of exceptions is necessary only in those cases where it is desired to bring into the record evidence or other matters which by law are not required to be entered of record. If, therefore, there is error apparent in the record proper, no bill of exceptions is necessary.

A motion for a new trial is necessary only in cases where a trial has been had. If the court has merely construed the pleadings or some of them, as in sustaining or overruling a demurrer to a petition, answer or reply, no motion for a new trial is necessary, because there has been no trial in the sense in which that word is used in the statute. But where evidence has been offered or introduced in order that the rulings of the court thereon may be reviewed on error, there must be a motion for a new trial, in which the

specific grounds of error are set forth. *Swansen v. Swansen*, 12 Neb., 224.

If a good cause of action is definitely stated in the petition and a demurrer thereto is overruled, the party demurring, in order to avail himself of the ruling thereon, must rest on his demurrer. And if he reply, he thereby waives his exception. This applies only to defects in the form of pleading; but if the facts stated in the petition do not constitute a cause of action, filing an answer by the defendant is not a waiver of such defect. *Farrer v. Triplet*, 7 Neb., 240.

The grounds assigned in the motion are not sufficient to justify the court in striking the petition from the files, and the motion is overruled.

MOTION OVERRULED.

SAME V. SAME.

**Taxes: SALE OF LAND.** Under our revenue law a sale of land can be lawfully made only by including all the taxes, interest, and costs due thereon at the time. A sale for a portion only is not binding upon the owner.

ERROR to the district court for Sarpy county. Tried below before SAVAGE, J.

*Redick & Redick*, for plaintiff in error.

*Clarkson & Hunt*, contra.