FRANK P. THOMPSON, PLAINTIFF IN ERROR, V. DAVID R. STETSON, DEFENDANT IN ERROR.

1. **Pleading:** PETITION ON AN ACCOUNT. The action was on an account, a copy of which was attached to and made a part of the petition. The account was between the plaintiff in error and F. L. Stetson & Co., and showed a balance in favor of the latter. There being no assignment of the account by F. L. Stetson & Co. to David R. Stetson, the defendant in error, nor any allegation showing ownership in him, *Held,* That the petition would not support the judgment in his favor.

2. **Attachment:** SUCCEEDING ORDERS OF. Several orders of attachment in an action may be issued at the same time, or in succession ; but in such case only a single affidavit is necessary.

ERROR to the district court for Cass county. Tried below before POUND, J.

*T. B. Wilson* and *M. H. Sessions,* for plaintiff in error:

*Smith & Beeson,* for defendant in error.

LAKE, CH. J.

The plaintiff in error was defendant in the court below. The judgment of which he here complains was rendered on default, under a service by publication. The cause of action, as alleged, was an account stated, a copy of which was attached to and made a part of the petition. An inspection of this account, however, shows that it is not between the plaintiff and defendant in error, but between F. L. Stetson & Co. and the plaintiff in error. No connection between F. L. Stetson & Co. and the defendant in error respecting this account is shown. By what right the latter seeks to enforce the payment of it does not appear. There is no assignment of the ownership by F. L. Stetson & Co. to David R. Stetson either alleged or shown. For aught that is disclosed by the record, F. L. Stetson & Co. are

still the owners of it, and could recover the amount due thereon from the plaintiff in error. Such being the character of the petition it will not support the judgment.

Besides the objection that the petition fails to state a cause of action in favor of the defendant in error, it is urged, as a ground for a reversal of the judgment, that the affidavit for the attachment was not filed until after the order was issued. There is no ground whatever for this objection, which is made, perhaps, upon a misapprehension of the steps taken in the case. There was an affidavit for an attachment filed on the 6th of March, 1882, the same day on which the order that was afterwards quashed was issued. The order in question was sued out on the 30th of June following, and required no additional affidavit, and none for it was in fact filed. The first affidavit was sufficient to support it. The affidavit filed on the 3d of July was not for an attachment, although it is so designated by the clerk of the court; it was simply preliminary to making service by publication. The affidavit filed on the 6th of March is in all respects conformable to the requirements of the law. Several orders of attachment " may, at the option of the plaintiff, be issued at the same time, or in succession; but such only as have been executed shall be taxed in the costs, unless otherwise directed by the court." Code, § 202. In such case, however, but one affidavit is necessary.

For the single reason that the judgment is not supported by the petition, it must be reversed, and the case remanded to the district court for further proceedings conformable to law.

REVERSED AND REMANDED.

THE other judges concur.