## JOHN W. POLLOCK V. STANTON COUNTY.

· FILED JANUARY 19, 1899.  No. 8625.

1. **Action on County Warrants**: PLEADING: ALLEGATION OF OWNERSHIP. A petition framed to meet the requirements of section 129 of the Code of Civil Procedure is sufficient whether the plaintiff be the original owner of the claim declared upon, or another, without any statement of extrinsic facts in regard to the claim of title or ownership.

2. ———: SUFFICIENCY OF PETITION. County warrants in suit disclosed that they were for road district funds. They were in terms in favor of private individuals and by law should have been to road supervisors. A petition which contained no statement that they were issued to road supervisors *held* defective and open to attack by general demurrer.

ERROR from the district court of Stanton county. Tried below before EVANS, J. *Affirmed.*

*J. C. Crawford*, for plaintiff in error.

*John A. Ehrhardt, contra.*

HARRISON, C. J.

This action was instituted by the plaintiff to recover an amount which he alleged to be his due on eight county warrants, each drawn against the district road fund of a designated road district in Stanton county. The petition was framed to meet the requirements of section 129

of the Code of Civil Procedure in regard to statement of a cause of action. The first count of the petition was as follows:

"1. His first cause of action is founded upon a county warrant, of which the following is a copy, with all the indorsements thereon:

"'$10.00.          State of Nebraska, Levy of 1874.
                      "'Amount levied, $566.00.
                      "'Amount issued, 315.75.

"'STANTON COUNTY, STANTON, Aug. 2, 1875.

"'Stanton County, Treasurer of said County: Pay to H. Tibler, or order, ten & 00-100 dollars, and charge to account of land road fund, Dist. No. 5.

"'[SEAL NEBRASKA.]          R. OBERG,
                "'Chairman County Commissioners.
"'No. 34.     C. L. LAMB, County Clerk.'

Indorsed as follows:

"'Presented Aug. 13, 1875, and not paid for want of funds.              E. S. BUTLER, Co. Treasurer.
"'No. 17. Reg. for payment Aug. 13, 1875.
                      "'E. S. BUTLER, Trs.
"'Tax R., $2.39.   May 3, '76, balance.'

"2. There is now due from the defendant to the plaintiff on said warrant the sum of $8.12, which he claims, with interest from May 3, 1876."

As to each of the other seven warrants declared upon there were similar allegations, with some differences in matters of which notice need not be taken in this proceeding, except that it appeared that each of two of the warrants had the name of its payee indorsed on the back.

The general allegations of the pleading were as follows: "The defendant refused, and still refuses, to pay said warrants, or any part thereof, although often requested so to do by the plaintiff. (18.) The plaintiff further says that the defendant has long since collected the taxes levied for the payment of all the aforesaid war-

rants, against which levy they were drawn, as shown upon the face thereof, and which several funds and levies aforesaid, as shown upon the face of the warrants, copies of which are set out in the above eight causes of action, were more than sufficient to pay the warrants aforesaid, after paying all prior warrants drawn against said several funds." There was filed for defendant a general demurrer to the petition, which on hearing was sustained, and the plaintiff electing to stand on his petition and plead no further, judgment was entered for the defendant. The plaintiff presents the case to this court by a proceeding in error.

One objection to the petition was that the instruments therein declared upon were non-negotiable, and there was no statement in the pleading of the transfer of the title to them to the plaintiff, and no allegation of his ownership. As we have before said, the petition was framed to fulfill as a pleading the provisions of section 129 of the Code of Civil Procedure, which reads as follows: "In an action, counter-claim, or set-off, founded upon an account, promissory note, bill of exchange, or other instrument, for the unconditional payment of money only, it shall be sufficient for the party to give a copy of the account or instrument, with all credits and indorsements thereon, and to state that there is due to him on such account or instrument, from the adverse party, a specified sum, which he claims with interest. When others than the makers of a promissory note, or the acceptors of a bill of exchange, are parties in the action, it shall be necessary to state also the kind of liability of the several parties, and the facts, as they may be, which fix their liability." This section of our Code is an exact copy of a section of the Code of the state of Ohio, and very similar to one in the New York Code. The provision has been the subject of construction in each of the states to which we have just referred, and it has been determined that a petition drawn as prescribed by the corresponding section of the Code of the state of

the decision, to the one of our state under consideration,
by the original party to the instrument in suit, or its
owner by assignment or indorsement, is sufficient with-
out any averment of extrinsic facts to show the right or
title to it. (*Sargent v. Steubenville & I. R. Co.*, 32 O. St.
449; *Myer v. Miller*, 2 W. L. M. [O.] 420; *Ohio Life Ins.
& Trust Co. v. Goodin*, 1 Handy [O.] 31; *Prindle v. Car-
ruthers*, 15 N. Y. 425; *Butchers & Drovers Bank v. Jacobson*,
15 Abb. Pr. [N. Y.] 218; Swann, Pleading & Precedents
181-189; Kinkead, Code Pleading, secs. 296, 301.) After
an examination of the subject we feel satisfied to follow
the construction given to the section in the states to
which we have referred.

A second point raised under the demurrer was that the
warrants were drawn for the payment from the treasury
of the road district funds, and within the provisions of
the law such moneys could only be drawn by road super-
visors and by warrants of the commissioners; further,
the warrants in suit were not drawn in terms in favor of
road supervisors, or it was not stated in them that the
parties payees were road supervisors. The law in force
at the time the warrants in suit were drawn provided
that district road funds should be expended by the road
supervisors of the road districts (see General Statutes
1873, ch. 67, secs. 12-14), and the money to be obtained
from the county treasury must be as follows: "It shall
be the duty of the county treasurer, upon the order of
the county commissioners, to pay to the supervisor of
each road district the funds that may be in the treasury,
belonging to said road district; and it shall be the duty
of the supervisor to expend the money to the best ad-
vantage to his road district for special purposes, as by
law provided." (General Statutes 1873, ch. 67, sec. 35;
Session Laws 1867, p. 46, sec. 5.) The warrants upon
which a recovery was herein sought were drawn in terms
at least to individuals, and not to road supervisors. It
is true that such instruments are *prima facie* correct and
legal if signed by the proper officers, and the officers will

be presumed to have done their duty, and if illegal the impeachment much come from the defendant (1 Dillon, Municipal Corporations sec. 502); but here it is a direct question of the sufficiency of the pleading, and on its face the petition disclosed the issuance of the warrants to persons to whom by law they could not be issued. (*Burlington & M. R. R. Co. v. Lancaster County*, 4 Neb. 307; *Burlington & M. R. R. Co. v. York County*, 7 Neb. 487; *Burlington & M. R. R. Co. v. Kearney County*, 17 Neb. 511.) This constituted the pleading bad "and open to attack by demurrer." The judgment of the district court must be

AFFIRMED.

SULLIVAN, J., concurring.

I agree to the judgment of affirmance on the ground that, under the section of the statute quoted in the opinion of the chief justice, neither the road supervisor, nor any other person, could acquire title to the warrants in suit. Such warrants could have been lawfully issued only to the supervisor, and the extent of his authority, in connection with them, was to obtain from the county treasurer the money for which they called, and expend it in improving the roads. Holding the warrants in his official capacity, and for a specific purpose, he could neither sue the county upon them, nor transfer his trust title to a stranger.

NORVAL, J., dissenting.

I dissent from so much of the doctrine as is stated in the second division of the syllabus. The petition stated a cause of action. Conceding that an order or warrant on the district road fund can be drawn only in favor of the supervisor of such district, there is no provision of law which requires that such warrant shall disclose on its face that it was issued in the name of the supervior. The presumption will be indulged that public officers have discharged their duties and that their acts are regu-

lar, unless the contrary is made to appear.  Applying this principle to the case at bar, the writer is of the opinion that it should be held that the warrants upon which suit was brought were regularly issued and to the person entitled thereto.

The petition is sufficient for another reason.  It is alleged therein, after each warrant is set out, that there is now due from the defendant to plaintiff on said warrant a sum certain, claimed to be unpaid.  Unless the warrant or order was properly issued, and to the person entitled to receive the money therein named, nothing could be due the plaintiff.  This is very evident.  For the reasons stated the judgment should be reversed and the cause remanded.