EARL F. SALLANDER, APPELLEE, V. PRAIRIE LIFE INSURANCE COMPANY, APPELLANT.

FILED OCTOBER 20, 1924.   No. 23998.

1. **Contracts:** CONSIDERATION. "Neither the promise to do nor the actual doing of that which the promisor is by law or subsisting contract bound to do is a sufficient consideration to support a promise in his favor." *Esterly Harvesting Machine Co. v. Pringle*, 41 Neb. 265.

2. **Pleading:** INSUFFICIENT PLEA. The failure to demur or the subsequent filing of an answer does not waive the right to object to a petition on the ground that it does not state facts sufficient to constitute a cause of action.

3. **Judgment:** INSUFFICIENT PLEA. A petition that does not contain facts sufficient to constitute a cause of action will not support a judgment rendered thereon.

4. **Evidence:** PRODUCTION OF DOCUMENT. The rule of evidence,

that you must either produce a document when it is called for or never, modified so as to meet the more liberal as well as practical spirit of sections 8901 and 8904, Comp. St. 1922.

5. ——: ——. If timely application is made to set aside an order for the production of books and papers and the latter are tendered to the opposite party, the same should ordinarily be granted.

6. Trial: Discovery: Presumption: Rebuttal. In instructing the jury to presume that a document shows what a party by affidavit says it shows, pursuant to section 8901, Comp. St. 1922, the court should also instruct that this is a rebuttable presumption.

APPEAL from the district court for Douglas county: Arthur C. Wakeley, Judge. Reversed.

W. R. King, for appellant.

McKenzie, Cox & Harris, contra.

Heard before Morrissey, C. J., Letton, Rose, Dean, Good and Thompson, JJ.

Thompson, J.

Plaintiff, Sallander, a life insurance agent, sued the Prairie Life Insurance Company to recover $4,319.32 and interest alleged to be due him for services rendered it under two alleged oral contracts. The amended petition and the amendment thereto alleges, in substance, that the defendant is a Nebraska corporation; that on November 29, 1916, plaintiff and defendant entered into a written contract, by the terms of which plaintiff agreed, among other things, to "devote all of his time and attention to soliciting risks and procuring new business for defendant," for a specified commission; and that later defendant, acting through its officer M. M. Heptonstall, entered into an oral agreement with plaintiff for services as above stated, by the terms of which he was to receive additional commission for risks secured under the written contract; that he secured risks after the oral contract was entered into, thus entitling him to the additional commission; that defendant

refused to pay him therefor, though he had demanded same.

A second oral contract is alleged, but as the trial court removed any consideration of it from the jury and plaintiff has not appealed, we do not consider it.

As will appear later, we need refer only to that portion of defendant's answer which states, in part, that the alleged oral contracts set out in plaintiff's petition are "void for want of consideration, and constitute a mere alleged gratuity to be paid plaintiff on business for which he had already settled with defendant company."

At the close of plaintiff's testimony, defendant filed a motion for a directed verdict in its favor for the reason, among others, "that the amended petition on which this case is tried does not set forth facts sufficient to state cause of action against this defendant." This motion was overruled. The trial resulted in a verdict for plaintiff for $2,842.54 and judgment was rendered thereon. Motion for a new trial was overruled. To reverse this judgment, defendant appeals.

We first consider the ruling on defendant's motion for a directed verdict in its favor upon the ground of the insufficiency of facts in plaintiff's petition. As will be seen from the petition, at the time of the alleged oral promise of additional commission, plaintiff does not allege that he was legally obliged to do, or did, anything other or different in return for it than he was to do under the then existing written contract. Thus, no consideration is pleaded for the alleged oral promise. *Tarnow v. Carmichael,* 82 Neb. 1; *American Exchange Nat. Bank v. Fockler,* 49 Neb. 713; *Esterly Harvesting Machine Co. v. Pringle,* 41 Neb. 265. In the latter case we held: "Neither the promise to do nor the actual doing of that which the promisor is by law or subsisting contract bound to do is a sufficient consideration to support a promise in his favor."

If no consideration is stated in a petition in an action for breach of such a contract, it is a fatal defect which may be taken advantage of by demurrer, motion, or in any

manner sufficient to call the court's attention to the defect, at any stage in the proceeding, or the court on its own motion may and should consider same at the earliest opportunity. *Tait v. Reid,* 91 Neb. 235; *Burlington & M. R. R. Co. v. Kearney County,* 17 Neb. 511; *Citizens State Bank v. Worden,* 95 Neb. 53; Maxwell, Code Pleading (1892 ed.) pp. 100 and 108. The failure to demur or the subsequent filing of an answer does not waive the right to object to a petition on the ground that it does not state facts sufficient to constitute a cause of action. Comp. St. 1922, sec. 8612; *Burlington & M. R. R. Co. v. Kearney County, supra; O'Donohue v. Hendrix,* 13 Neb. 255; *Citizens State Bank v. Worden, supra.*

It will be seen from the portion of defendant's answer herein set out that this case does not come within the rule announced in *Beebe v. Latimer,* 59 Neb. 305, that " A defective or ambiguous petition may be aided and its infirmities cured by the averments of the answer."

When there is an omission to state a material fact in a petition, one necessary to show a cause of action, the presumption is that it does not exist. *Burlington & M. R. R. Co. v. Kearney County, supra; Burlington & M. R. R. Co. v. York County,* 7 Neb. 487.

Defendant's motion under consideration should have been sustained. We further conclude that, as the judgment was rendered on a petition which does not state a cause of action, it cannot be sustained, and should be and is set aside. *Thompson v. Stetson,* 15 Neb. 112; *Burlington & M. R. R. Co. v. Kearney County, supra.*

This is the second appeal in this case. The former opinion is reported in 110 Neb. 332, which case was " reversed and the cause remanded for further proceedings." On the first trial the record shows that plaintiff procured an order under section 8901, Comp. St. 1922, requiring. defendant to produce certain of its books and papers covering a designated period, for inspection. Defendant permitted inspection of all asked for from September 1, 1913, up to December 31, 1917, and refused as to the rest for the reason

that " plaintiff is now in the employ, as a soliciting agent, of a competitive company, to wit, the Merchants Life Insurance Company, and to reveal to him the names, addresses, numbers and amounts of policies as requested by him would enable him to switch said policies from the defendant company to the company he now represents." Plaintiff introduced an affidavit as to what the books and papers would show, to which defendant excepted.

After the case was redocketed in Douglas county, and about six months before the trial, defendant filed a petition asking that the order to produce books and papers made before the first trial be set aside, alleging that the cause for its previous refusal above quoted no longer existed, and asking that it be permitted to produce all books and papers in court. A hearing was had and the request refused. This request should have been granted. Defendant continued its offer to plaintiff of all books and papers covered by the order, and the privilege of inspection and making copies, up to and including the trial, and objected to the introduction of secondary evidence of their contents. The plaintiff, notwithstanding the aforesaid facts and conditions appearing of record, was permitted to introduce, not the affidavit introduced at the first trial, but a new affidavit of the date of its introduction, covering not only the books and papers of which inspection had been refused in the first instance, but all covered by the original order made prior to the first trial, including those inspected, and refused permission to the defendant to introduce its books and papers, even if they were otherwise admissible. The contents of the affidavit were emphasized by being twice read to the jury. This was all permitted, notwithstanding the fact that the tender in open court of the books and papers for plaintiff's use and inspection continued through the trial.

We are not unmindful that courts, as well as text-writers of eminent ability, have announced the rule that a party who has refused to produce an original document, upon notice, cannot, after secondary evidence of its contents has been given by his adversary, introduce it either to the exclu-

sion of the secondary evidence, or as evidence in his own behalf. 22 C. J. 1067, sec. 1378; 1 Wharton, Evidence (3d ed.) sec. 157; 2 Wigmore, Evidence (2d ed.) sec. 1210. In *Doe v. Cockell,* 6 C. & P. (Eng.) *525, it was held: "You must either produce a document when it is called for or never." In *Jackson v. Allen,* 3 Stark. (Eng.) 74, plaintiff's counsel called for a deed which was not produced. Plaintiff then proved the possession of, the deed by defendant, and then proved that a writing produced was a true copy of the deed. Later defendant's counsel produced the original, and objected to the reading of the copy, but the court held that the defendant could not at that stage object to the reading of the copy.

We have, however, carefully examined these authorities in connection with the statute in question, which reads as follows:

" Either party or his attorney may demand of the adverse party an inspection and copy, or permission to take a copy, of a book, paper or document in his possession or under his control, containing evidence relating to the merits of the action or defense therein. Such demand shall be in writing, specifying the book, paper or document, with sufficient particularity to enable the other party to distinguish it, and if compliance with the demand within four days be refused, the court or judge, on motion and notice to the adverse party, may in their discretion order the adverse party to give the other, within a specified time, an inspection and copy, or permission to take a copy, of such book, paper or document; and on failure to comply with such order, the court may exclude the paper or document from being given in evidence, or if wanted as evidence by the party applying, may direct the jury to presume it to be such as the party by affidavit alleges it to be. This section is not to be construed to prevent a party from compelling another to produce any book, paper or document when he is examined as a witness." Comp. St. 1922, sec. 8901.

We have also considered this section in connection with section 8904, Comp. St. 1922, which provides:

"The supreme or district court may, by rule, require the production of any papers or books which are material to the just determination of any cause pending before it, for the purpose of being inspected and copied by or for the party thus calling for them."

We conclude that ordinarily one who has refused to comply with such an order, but timely recants before secondary evidence is offered or introduced, and in open court so informs all parties interested, and complies with the court's order by producing all books and papers and tendering them to the plaintiff for his inspection and use both before and at the trial, as in this case, should not be denied the privilege, and neither should the plaintiff in such case be permitted to introduce by way of affidavit or otherwise secondary evidence of the contents of the books and papers so tendered. Neither should the defendant in such case be denied the right to introduce such books and papers in evidence on the trial, when proper before such order was made. This conclusion is in harmony with the above statutes, and the discretion reposed by them in the court. To deny to a litigant this privilege is an abuse of discretion and reversible error. Neither the common-law rule nor the statute looks to the exclusion of the best evidence, but outlines, in our view, a way to secure it; yet when the cause for the rule and the reason for its application cease, why should either be applied?

As to the word "presume" found in section 8901, *supra*, and applied to the affidavit of plaintiff received in evidence as to what the books and papers demanded showed, the defendant offered the following instruction, which was refused:

"You are instructed that the contents of defendant company's application register and policy cards, examination of which was demanded by the plaintiff and refused, so far as they tend to show the amount of renewal or overwriting commissions due and owing the plaintiff, are to be presumed by you to be as the plaintiff alleges them to be; but

you are further instructed in this connection that, should you find from the evidence that said application register and policy cards do not and cannot show the amounts of such commissions, as well as whether the plaintiff was credited therewith and received the same, then such presumption is not binding upon you in determining the amount, if any, due the plaintiff, and you may take into consideration such other evidence bearing upon the issue as has been admitted."

The court on its own motion gave the following instruction, and no other on the point involved:

" You are instructed that under the statutes of the state of Nebraska, relating to the examination of the books and papers in the possession of an adversary to a litigation, to which the court has already referred, it is not contempt of court for such person or party to refuse such examination or to refuse to obey an order of the court requiring such examination. You are further instructed that where, as in this case, the plaintiff relies upon a demand for an inspection of a particular book or record, the law simply prescribes that the court shall instruct you to presume the contents of the book, or record demanded, to show such facts and contents as the plaintiff sets up in the affidavit."

We have carefully considered these instructions in connection with the statute and the facts proved, and conclude that the instruction offered and refused was faulty in stating: " But you are further instructed in this connection that, should you find from the evidence that said application register and policy cards do not and cannot show the amounts of such commissions, as well as whether the plaintiff was credited therewith," etc. It would have correctly stated the law applicable had it contained in lieu of the above, the following: " While defendant cannot introduce evidence proving or tending to prove that the books do not show what is set forth in the affidavit, it has the right to prove by evidence, independent of the books, facts not in harmony with what the affidavit says the books show." Otherwise, the word " presume " would be given the force

and effect of the word " conclusive," a weight not warranted by the language used. The rule enforced in the present case is equivalent to the exclusion of all evidence on the part of defendant on a very important issue, and establishes a rule that would be preventive of justice. The danger of such an instruction is shown by the way the jury treated it. It simply took the $1,500 and the $716.70 named in the affidavit as owing to the plaintiff, added them, and computed the interest thereon, ignoring all other evidence to the contrary, which, as we view it, was forceful and much of it conclusive as against such finding.

For the foregoing reasons, the judgment of the district court is reversed and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.

Note—See Contracts, 13 C. J. p 351, sec. 208; Discovery, 18 C. J. p. 1130, sec. 136 (1926 Ann.) ; Evidence, 22 C. J. p. 1068, sec. 1378—Pleading, 31 Cyc. p. 729—Judgments, 33 C. J. p. 1133, sec. 81; Trial, 38 Cyc. p. 1748.