J. A. KING, APPELLANT, V. CASS COUNTY, APPELLEE.

3 N. W. (2d) 449

FILED APRIL 17, 1942. No. 31333.

*C. S. Wortman,* for appellant.

*Walter H. Smith, còntra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

Plaintiff filed his claim against the defendant for $200, being the value of land alleged to have been taken by the defendant and damages for the moving of a fence in the widening of a public road. The county commissioners disallowed the claim. Plaintiff appealed. No pleadings were filed in the district court except the transcript of the proceedings before the county commissioners. A jury was waived and trial had to the court. The case proceeded as one for damages against the county. The defense of the county was that the land so taken was a part of the public road as a result of action taken when the road was opened in the year 1880.

The trial court found against the plaintiff and dismissed his cause on June 9, 1941. August 25, 1941, plaintiff gave notice of appeal and on September 2, 1941, filed an appeal bond. September 17, 1941, the parties filed a stipulation of facts which the trial court allowed and settled as a bill of exceptions.

Plaintiff on appeal assigns as error that the judgment of the trial court is contrary to law, violates the due process clause of the Constitution and is contrary to the evidence. A motion for a new trial was not filed.

Section 20-1143, Comp. St. 1929, provides that the motion for a new trial, subject to certain exceptions not here presented, shall be made within three days after the decision was rendered. This provision has been held to be mandatory. *Miller v. Banner County*, 127 Neb. 1, 254 N. W. 669. In full accord with a long line of decisions of this court we recently held: "Where a jury is waived in a law action, the case is tried to the court, and the final judgment rests upon findings by the court, in order that errors of law occurring at the trial may be considered by this court, the district court's attention must have been called to them by a motion for a new trial." *Drainage District v. Dawson County Irrigation Co.*, 140 Neb. 866, 2 N. W. (2d) 321.

The judgment of the district court is accordingly affirmed.

AFFIRMED.