HAROLD M. HAGUE ET AL., APPELLEES, v. DONALD STERNS,
APPELLANT.

120 N. W. 2d 287

Filed March 8, 1963.   No. 35335.

Edward E. Hannon, for appellant.

William W. Griffin and D. R. Mounts, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

The plaintiffs, as lessors of the real estate described in the petition, commenced this action in the district court for Holt County against the defendant, as lessee, to declare a forfeiture of the 3-year written lease entered into by them. The trial court found for the plaintiffs, declared a forfeiture of the lease, and directed that plaintiffs be placed in possession of the lands involved. The defendant has appealed.

There is no bill of exceptions in this case. The only question before the court is whether or not the pleadings sustain the judgment. Johnson v. School Dist. No. 3, 168 Neb. 547, 96 N. W. 2d 623. In the absence of a bill of exceptions it will be presumed that issues of fact presented by the pleadings are established by the evidence. Defendant contends the action is one at law and that he was erroneously deprived of a jury trial. This question was not presented to the trial court by defendant's motion for a new trial. Under such circumstances that question cannot be raised on appeal. King v. Cass County, 141 Neb. 263, 3 N. W. 2d 449.

The defendant demurred to the petition on the ground that the petition did not state a cause of action. He also alleged the insufficiency of the petition in his answer. The only question properly raised by the appeal is whether or not the petition states a cause of action or, in other words, whether or not the pleadings support the judgment.

The petition alleged that plaintiffs entered into a written lease with the defendant on February 5, 1962, for a period of 3 years. Copy of the lease was attached to and made a part of the petition. It provided for rent on a share-crop basis. The lease contained some of the

usual covenants, some unusual conditions, and some collateral agreements.

The lease contained the following provision: "As to all acreages which are now the subject of Soil Bank agreements, and which are idle, the parties of the first part shall be entitled to have and receive all government payments or benefits therefrom, and second party shall have no right or interest therein, and will agree to sign any such additional documents as may be required to release any interest or claim therein on his part." The petition alleged that on or about March 9, 1962, defendant received a diverted-acres payment in the sum of $1,699.30, which defendant refused to pay over to plaintiffs on demand. Plaintiffs alleged their election to forfeit the lease and demanded that defendant forthwith quit and surrender the leased premises, which he refused to do.

The lease contains no provision for the forfeiture or right of reentry for the breach of any covenant, condition, or collateral agreement. The absence of a forfeiture or reentry provision in the lease and the failure to allege such a provision in the petition is fatal to plaintiffs' cause of action.

"In the absence of a statute to the contrary, a tenancy cannot be terminated for a breach of a covenant by the lessee unless there is an express and distinct provision in the lease for a forfeiture or right of reentry on the occurrence of the breach or unless the breach disaffirms or impugns the title of lessor and tends to defeat the reversion." 51 C. J. S., Landlord and Tenant, § 104, p. 683. "The landlord has no right of reentry for breach of covenant unless the covenant is valid and enforceable, and there is a stipulation in the lease that the breach shall work a forfeiture or termination of the tenant's interest, or confer on the landlord a right of reentry, * * *." 52 C. J. S., Landlord and Tenant, § 718, p. 581. See, also, 52 C. J. S., Landlord and Tenant, § 730, p. 591; 32 Am. Jur., Landlord and Tenant, § 848, p. 720.

In Chesnut v. Master Laboratories, 148 Neb. 378, 27 N. W. 2d 541, this court said: "Forfeitures of estate under leases are not favored in law and the right to forfeit must be clearly stipulated. If a forfeiture has not been stipulated for, a covenant or condition which is merely implied, or an express one not clearly within the forfeiture clause, will not sustain a claim of forfeiture for breach." See, also, Ocean Grove Camp Meeting Assn. v. Sanders, 68 N. J. L. 631, 54 A. 448; Dillingham v. Williams (Tex. Civ. App.), 165 S. W. 2d 524; Chopot v. Foster, 51 Wash. 2d 406, 318 P. 2d 976.

The foregoing rule has no application in this state to a breach of covenant for the nonpayment of rent in a forcible entry and detainer action by virtue of section 27-1402, R. R. S. 1943. The present action is not one for forcible entry and detainer and this statute is not pertinent to the instant case.

The petition in the instant case shows that the lease contained no forfeiture or reentry provisions. It is not an action within the scope of section 27-1402, R. R. S. 1943. The right of forfeiture or reentry does not therefore exist as a matter of law. The petition does not state a cause of action and the judgment entered thereon is not sustained by the pleadings. See Sallander v. Prairie Life Ins. Co., 112 Neb. 629, 200 N. W. 344, wherein we said: "We further conclude that, as the judgment was rendered on a petition which does not state a cause of action, it cannot be sustained, and should be and is set aside." The petition affirmatively shows that a cause of action for forfeiture does not exist.

The judgment of the district court is reversed and the cause remanded with directions to dismiss the petition.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.