REQUESTED BY: Paul Schumacher Platte County Attorney
Who is entitled to the interest generated from the investment of funds received from special assessments levied by a sanitary improvement district.
The sanitary improvement district.
With regard to a county's collection of taxes, generally Sections 77-1701 (Reissue 1981) provides that: "The county treasurer shall be ex officio county collector of all taxes levied within the county."
More specifically, with regard to taxes assessed by or for sanitary improvement districts (SID's), Sections 31-739
provides that:
(2) The county treasurer shall be ex officio treasurer of the sanitary improvement district and shall be responsible for all funds of the district coming into his or her hands. He or she shall collect all taxes and special assessments levied by the district and deposit the same in a bond sinking fund for the payment of principal and interest on any bonds outstanding. (Emphasis added.)
In your letter you suggest a situation in which SID funds are commingled with other county funds. We find no authority for the commingling of SID funds with other county funds. Section 31-739 specifically requires that SID funds be deposited in a bond sinking fund.
In Talbott v. Village of Lyons, 171 Neb. 186,105 N.W.2d 918, our Supreme Court defined a sinking fund as follows:
"A sinking fund is defined to be a fund arising from particular taxes, imposts, or duties, which is appropriated toward the payment of interest due on a public loan and for the payment of the principal." Union P.R.R. Co. v. Buffalo County, 9 Neb. 449, 4 N.W. 53. See also, 15 McQuillin, Municipal Corporations (3d Ed.), Sections 43.133, p. 697. That a sinking fund for the payment of bonds was anticipated by the Legislature is evidenced by section 77-2341, R.R.S. 1943.
With regard to the investment of SID funds, Sections77-2341 (Reissue 1981) provides as follows:
Whenever any county, city, village, school district or other governmental subdivision of the State of Nebraska shall have accumulated a surplus of any fund in excess of its current needs, or shall have accumulated a sinking fund for the payment of its bonds and the money in such sinking fund shall exceed the amount necessary to pay the principal and interest of any such bonds which become due during the current year, the governing body of such county, city, village, school district or other governmental subdivision, is hereby authorized to invest such surplus, in excess of current needs, or such excess in its sinking funds, as aforesaid, in any securities in which the Board of Educational Lands and Funds is authorized by law to invest the educational funds of the state including bonds and debentures issued either singly or collectively by any of the twelve federal land banks, the twelve intermediate credit banks, or the thirteen banks for cooperatives under the supervision of the Farm Credit Administration.
In 1955-56, Report of the Attorney General, p. 107, we said:
A county treasurer may invest funds in his custody from whatever source obtained, with the consent of the county board. He is under no obligation to invest money belonging to other subdivisions and in fact could not do so where demand for such funds is made by the other taxing units. They may invest their own funds under the authority given by Sections 77-2341.
It is therefore our conclusion that the interest generated by the investment of SID sinking funds, by whomever invested, must be credited to the sinking fund.
Very truly yours,
ROBERT M. SPIRE Attorney General