FARMERS STATE BANK OF CLARKS, APPELLEE, V. E. H. LUIK-
ART, SECRETARY OF DEPARTMENT OF TRADE AND COMMERCE,
ET AL., APPELLANTS.

FILED NOVEMBER 12, 1936. No. 29708.

F. C. Radke and H. L. Holtzendorff, for appellants.

H. G. Wellensiek and E. J. Patterson, contra.

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and
CARTER, JJ., and MUNDAY, District Judge.

DAY, J.

The Farmers State Bank of Clarks brought this suit
against the banking department of the state to enjoin it
from taking charge of the bank and liquidating it. The trial
court issued the injunction.

This bank was closed under the moratorium of March,
1933, reopened thereafter on March 15, 1933, under the
provisions of chapter 16, Laws 1933 (H. R. 167), with a
contract with its depositors and with the department. This
suit was filed on September 27, 1934. The trial was on De-
cember 10, 1934, after which the cause was taken under ad-

visement by the court. The attorneys filed briefs, and the decree was entered May 17, 1935. .

A substantial part of the decree of the trial court entered May 17, 1935, is set out for the reason that it contains the finding of facts as well as the conclusion of the trial judge:

"The court specially finds that on March 18, 1933, the plaintiff entered into a written contract with its depositors under House Roll 167, 1933 Session Laws of the state of Nebraska, which was approved by the secretary of the department of trade and commerce of the state of Nebraska, a copy of which is attached to plaintiff's amended petition; that thereafter the plaintiff was permitted to reopen and do a limited banking business; that it has strictly complied with all the provisions of said contract; that all deposits made since the date of said contract are held in trust for the depositors, and in no way jeopardized; that the depositors' committee and 163 depositors out of a total of 203 depositors have intervened herein, and joined in the prayer of plaintiff's petition; that no depositors have petitioned or expressed dissatisfaction with the conduct of the plaintiff bank; that due to the severe heat and drought of the past summer, crops were a total failure in the vicinity of Clarks; that notwithstanding said condition, the plaintiff bank and its depositors are willing and ready to carry on with a view of restoring the plaintiff bank to solvency; that the situation is not hopeless; that the defendants attempted to take possession of the plaintiff bank at the time this action was commenced, with a view of winding up its affairs through receivership; that it is for the best interest of all parties concerned to permit the plaintiff bank to continue to operate under said contract with its depositors as prayed for; that the restraining order issued at the commencement of the trial, and continued to date, should be made permanent; that the defendants, upon sufficient showing, may have such restraining order modified or dissolved."

The evidence supports every finding of fact of the trial judge. The plaintiff bank has not only complied strictly with the law but with its agreement with the banking de-

partment. The old depositors had been paid 60 per cent. from the collection of assets of the bank. The new deposits had been held as trust funds. There is no apparent reason why the department of banking should insist upon taking charge of this bank for the purpose of liquidation. The bank operating under the provisions of chapter 16, Laws 1933, has made a profit. It has paid the old depositors 60 per cent. of their deposits and furnished Clarks a limited banking service, the only banking service in the town. Everybody interested in the bank is satisfied. Only the department is dissatisfied, and the reason for this dissatisfaction is not to be found in the record.

However, chapter 16, Laws 1933, under which the bank was operating upon a limited basis had for its purpose the restoration of solvency of the bank and not the liquidation of the bank. For such operation the department may approve a contract between the unsecured depositors and unsecured creditors and the board of directors of the bank. Such a contract was approved in this case. The contract contained this provision: "It is specially agreed and understood by the contracting parties that the operation of the bank under this contract shall continue at the discretion of the secretary of the department of trade and commerce."

Even if this condition were not in the contract, the statute itself provides: "The approval of said contract by the secretary shall release him from the duty to report the facts to the attorney general, but this act shall not restrict the right of the secretary to request the attorney general to apply for the appointment of a receiver, when in his opinion it is for the best interests of the contracting parties." Laws 1933, ch. 16, sec. 1.

The plaintiff contends that the secretary of the department must exercise his discretion in a reasonable manner and is subject to judicial review. This argument is untenable.

The legislature intended to provide for an administrative receivership of banks independent of judicial control. Section 8-190, Comp. St. 1929, as amended by section 53, ch.

18, Laws 1933, as amended by section 1, ch. 16, Laws 1935, provided that, where the superintendent of banks had taken possession and the bank deems itself aggrieved, it may within ten days apply for an injunction, and the court on hearing may set aside the declaration of insolvency. This suit was brought under this section. In 1935 the legislature amended section 8-190, Comp. St. 1929, as amended by section 53, ch. 18, Laws 1933, so that it reads as follows: "Whenever any such bank of whose property and business the superintendent of banks has taken possession or whose insolvency has been declared as aforesaid, deems itself aggrieved thereby, it may, at any time not later than ten days after such declaration of insolvency has been filed with the clerk of the district court of the county in which such bank is located, petition the district court to enjoin further proceedings, and said court, after citing the superintendent of banks to show cause why further proceedings should not be enjoined, and hearing the allegations and proofs of the parties and determining the facts, may, upon proof by the bank, its officers, or directors, that it is solvent, that the business of the bank has been and is being conducted as provided by law, that it is not endangering the interests of its depositors and other creditors, and that the superintendent of banks has acted arbitrarily and abused his discretion either by taking possession of the bank, or by finding and declaring said bank to be insolvent and ordering its liquidation set aside such declaration of insolvency and enjoin the superintendent of banks from proceeding further, and direct him to surrender such business and property to such bank; but on proof that said bank is insolvent and that its stockholders have failed to restore solvency as provided by law, or that said bank is being operated in violation of law, and that the superintendent of banks has acted within his powers, said petition shall be dismissed by the court."

The amendment made it manifest that the legislative intention was to establish an administrative receivership of banks, and that the only question for the court to determine was the insolvency of the bank and failure to restore to

solvency.˙ If it is established that the bank is insolvent and its stockholders have failed to restore solvency, the superintendent has acted within his powers. Such is the fact established here, and the petition for an injunction should have been dismissed.

The decree was signed May 17, 1935, and the amendment went into effect August 26, 1935. The amendment was merely a clarification of the section and not in diametrical conflict with the previous provisions. In *City of Beatrice v. Gage County*, 130 Neb. 850, 266 N. W. 777, the following quotation from Cooley, Constitutional Limitations (6th ed.) 469, appears: "If a case is appealed, and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when its decision is rendered."

The suit should have been dismissed.

REVERSED AND DISMISSED.