IN RE APPLICATION OF YELLOW CAB COMPANY ET AL.
YELLOW CAB COMPANY ET AL., APPELLANTS, V. NEBRASKA
STATE RAILWAY COMMISSION, APPELLEE.
127 N. W. 2d 211

Filed March 27, 1964. No. 35593.

Carl E. Sanden and Clarence A. Davis, for appellants.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

This is the second appeal to this court from an order of the Nebraska State Railway Commission denying a rate increase to the Yellow Cab Company and Lincoln Cabs, Inc., doing business as Capital Cab Company. In the first appeal, Yellow Cab Co. v. Nebraska State Railway Commission, 175 Neb. 150, 120 N. W. 2d 922, we reversed the original order because no findings on contested issues of fact under section 84-915, R. S. Supp., 1961, had been made and therefore there was "no basis upon which to review the order of the commission * * *."

Under the authority of Petroleum Transp. Co. v. All Class I Rail Carriers, 173 Neb. 564, 114 N. W. 2d 34, the Nebraska State Railway Commission, on remand from this court, entered a new order without further hearing and based on the same record. This, under the authority cited, the commission may do, but the new order is challenged on appeal as not complying with the provisions of section 84-915, R. S. Supp., 1961, and the man-

date of this court. The order reads in pertinent part:.

"1. The rates, fares and charges demanded and applied for * * * will be unjust, unreasonable, unjustly discriminatory, unduly preferential and unduly prejudicial to the public.

"2. The rates presently in effect are just and reasonable for the services being rendered. * * *

"4. Since the burden of proof has not been met * * * therefore the application should be denied."

Section 84-915, R. S. Supp., 1961, requires the commission to make "findings of fact and conclusions of law," and then further defining the findings of fact requires the "findings of fact shall consist of a concise statement of the conclusions upon each contested issue of fact." It is now asserted that the findings of "unjustly discriminatory, unduly preferential or unduly prejudicial to the public" meets the requirements of conclusions upon each contested issue of fact. By the express terms of section 75-248, R. R. S. 1943, the "opinion" of the commission must be exercised to determine the ultimate legal conclusion of whether the proposed rate "is or will be unjust, unreasonable, unjustly discriminatory, unduly preferential or unduly prejudicial." These legal conclusions, obviously, must be based on the evidence and the facts as developed in the record of the hearing. It seems clear that to make findings of unjustness, prejudice, preference, or discrimination are in truth the process of drawing a legal judgment or conclusion based on previously determined facts and therefore could not, in themselves, be construed to be the "conclusions upon each contested issue of fact." If these findings constitute findings of "fact," we then must inquire as to what room is left, under the statute being considered, for the making of "conclusions of law." The words here used in this order are generic concepts, commonly used in legislation covering widely varying fields, expressing an ultimate legal conclusion within the area of legal right and wrong, and their use throws no

light on what the contested fact issues were or how they were resolved. No findings of fact were required before the enactment in 1959 of section 84-915, R. S. Supp., 1961. The new statute must have a purpose and, we think, an obvious one. As stated in the previous opinion in this case and in Basin Truck Co. v. All Class I Rail Carriers, 172 Neb. 28, 108 N. W. 2d 388, unless the statute is complied with and fact findings made, there is no basis upon which to review the order of the commission and to determine whether it is reasonable or arbitrary. Before this court can decide these questions, we must know why the commission reached its final decision on the conclusions of law involved. See, Skeedee Independent Tel. Co. v. Farm Bureau, 166 Neb. 49, 87 N. W. 2d 715; Oakdale Tel. Co. v. Wilgocki, 171 Neb. 425, 106 N. W. 2d 486.

Counsel nevertheless argues that these findings are sufficient under our holding in Young v. Morgan Drive Away, Inc., 171 Neb. 784, 107 N. W. 2d 752; and Petroleum Transp. Co. v. All Class I Rail Carriers, *supra,* wherein we held that findings of fact in the language of the statute relating to the granting of certificates of public convenience and necessity, section 75-230, R. S. Supp., 1961, were sufficient compliance with the requirements of section 84-915, R. S. Supp., 1961. The effect of our holding was that the language of the statute itself contained sufficient basic fact-finding standards so that a commission order using such language formed a fact basis on which to determine unreasonableness and arbitrariness and, therefore, could be reviewed intelligently. These holdings properly interpret the requirements for the necessary fact findings under the particular statute involved. We adhere to those holdings. Any language therein purporting to hold that, irrespective of the particular statute involved, a finding by an agency using only the words of the statute necessarily constitutes a compliance with the requirement that there be concise findings on contested

issues of fact is dicta and is hereby overruled. We therefore hold that the new order does not comply with the mandatory provisions of the statute nor the mandate previously issued in this case and that the order must be reversed for this reason.

The necessity for this holding appears when we review the record, to the extent necessary, in this case. Not by way of limitation we point out some of the seriously contested fact issues and conclusions in this case. The evidence in this case consists of financial statements of assets and their valuation, and various reports as to operating expenses prepared by certified public accountants to June 30, 1961, for both the Yellow Cab Company and Capital Cab Company. The evidence also consists of the oral testimony of the owners and some employees of the two cab companies. This evidence is all undisputed. It includes, in exhibits 5 and 6, a projection of the effects of the new proposed rates and their relation to a reasonable return on the invested capital in both companies. The evidence to the contrary consists of a commission accountant's report, exhibits 7 and 8, and his oral evidence. It is based on an examination of the financial reports of the cab companies in evidence. He recommends a disallowance of some of the items charged therein, or a reduction of some of them, for rate-making purposes. Then, on the basis of these deductions, he recomputes the earnings of the companies recommending no rate increase for the Capital Cab Company but stating that there should be some minor adjustment of the existing rates for the Yellow Cab Company. It is a fair statement to say that his report suggests changes in accounting procedures and changes in the policy of management that will eliminate certain expenditures, and his recommendation to deny the increased rates is largely based thereon; as for example, a requirement that Capital Cab Company install a bulk gas and oil storage plant to save 5 to 7 cents per gallon over Yellow Cab Company's expenditure in this re-

spect. At no point is there a consideration in his estimate of a rate base of the cost of installation of such a plant. More specifically, a review of the evidence in this case shows the following contested fact issues upon which findings are necessary to determine their reasonableness:

1. Rent of $9,000 was paid by Yellow Cab Company for its headquarters garage. This, the company charged as an expense item in full, and the commission accountant deducted it in full making an allowance only for property taxes, insurance, and other expenses that were incident to the garage rent expense account. The power of the commission to make a determination in this respect is not denied, but we are at a loss from the record to determine what its finding was or that it took it into consideration in its ultimate order denying increased rates. If this figure is allowed, or some reasonable rental for the garage building, the commission's own accountant's figures would show Yellow Cab Company operating at a loss for the last period of the report at issue, namely, July 1, 1960, to June 30, 1961.

2. There was no finding of the total value of the companies' properties on which they are entitled to a fair return, that is, a finding of the rate base. We have said that what a company is entitled to demand in the fixing of rates "is a fair return upon the reasonable value of the property at the time it is being used for the public." Marquis v. Polk County Telephone Co., 100 Neb. 140, 158 N. W. 927.

3. There is a dispute as to the allowable amount of depreciation of automobiles, not cabs, owned by the company. The commission's accountant disallowed .50 percent of the depreciation charged based upon the "personal use" of said automobiles. We have no way of determining whether this finding was made by the commission or, if it was, that it was material to the ultimate order denying the rate increase.

4. There are disputes in this record as to an allowance or deduction for income from a company-owned

house and whether the Yellow Cab Company sold its used cabs for a fair price.

There seems to be no dispute as to what income the proposed rates would produce, and we will not discuss that. The disputes as to the above factual issues alone would account for the difference between a substantial loss as shown by the undisputed company records and the recommendation of the commission accountant, apparently accepted by the commission in denying the rate increase, showing that the companies are operating at a profit under the present rates.

These factual issues appear from the record and the evidence. We do not know whether the commission based its order on a resolution of them or not. We must have the requisite findings before we can examine the evidentiary base to determine if they were arbitrary or unreasonable. By what we have said, we do not in any manner limit the fact findings in this case nor intimate that there may not be many other factors in fixing a rate for a public utility that may be considered. That depends on the particular case and all of the circumstances and evidence relevant to the fixing of a rate base and rate in each separate case.

Appellants ask in effect that we determine the order unreasonable and arbitrary, and then exercise a "judicial power" to remand the cause with directions to fix new rates. This we cannot do. The rate-making power of the commission is purely legislative in character and a validly promulgated rate has the force of a statute. The only power of the court, on review, is to determine whether the commission acted within the scope of its power and if the action taken was arbitrary or unreasonable. Furstenburg v. Omaha & C. B. St. Ry. Co., 132 Neb. 562, 272 N. W. 756; City of Scottsbluff v. United Tel. Co. of the West, 171 Neb. 229, 106 N. W. 2d 12.

For the reasons given, the order is reversed and the cause remanded for further consideration.

REVERSED AND REMANDED.