THE WHITE MOTOR COMPANY, A CORPORATION, APPELLEE,
v. ROLAND REYNOLDS, APPELLANT.

136 N. W. 2d 437

Filed July 16, 1965. No. 35945.

Johnson, Kelly, Evans, Johnson & Spencer, for appellant.

Fraser, Stryker, Marshall & Veach and John E. Wendstrand, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and WESTERMARK, District Judge.

BOSLAUGH, J.

This is an action in replevin to recover the possession of two motortrucks mortgaged by Roland Reynolds, the defendant, to The White Motor Company, the plaintiff. The trial court found that the plaintiff was entitled to the possession of the trucks. The defendant's motion for new trial was overruled and he has appealed. There is no cross-appeal.

There is no bill of exceptions in this case. In the absence of a bill of exceptions it is presumed that the issues of fact presented by the pleadings are established by the evidence and the only issue that is considered on

appeal is the sufficiency of the pleadings to sustain the judgment. Hague v. Sterns, 175 Neb. 1, 120 N. W. 2d 287.

The petition in this action was filed on May 9, 1963. It alleged the execution and delivery of the promissory notes and chattel mortgages to the plaintiff; the default of defendant; and the balance due the plaintiff of $16,430 plus interest. Copies of the chattel mortgages were attached to and made a part of the petition.

The defendant's answer and cross-petition was filed on July 24, 1963. It admitted the execution and delivery of the promissory notes and chattel mortgages, but alleged that the indebtedness was void and uncollectible because it was in violation of the Installment Loan Act. The prayer was for a return of the property, cancellation of the indebtedness, recovery of all payments that had been made, and damages for the loss of use of the trucks during the time that the action was pending.

On August 7, 1963, the plaintiff moved for additional time to plead. The trial court sustained this motion and extended the plaintiff's time to plead until September 9, 1963. On September 17, 1963, the court allowed the plaintiff until November 1, 1963, to plead. On October 28, 1963, the plaintiff moved for a further extension of time to plead until December 1, 1963. The transcript does not show any ruling on this motion.

On November 20, 1963, the plaintiff filed a reply and answer to the cross-petition. It alleged that the transactions in question were valid time sales; that they did not violate the Installment Loan Act; that the Installment Loan Act was unconstitutional; and that L. B. 17 enacted by the Seventy-fourth (Extraordinary) Session of the Nebraska Legislature was applicable to the transactions in question.

The defendant then filed a reply to the answer to

the cross-petition alleging that L.B. 17 was unconstitutional.

A pretrial conference was held on February 11, 1964. The parties stipulated that the simple interest rate on the contracts in question was not less than 10.7 percent.

Trial commenced on March 30, 1964. The trial court found that the transactions in question were in violation of the Installment Sales Act but that L.B. 17 was applicable; that the plaintiff was entitled to recover the unpaid principal balance of each loan but no interest or other charges; that the defendant was in default at the time of the commencement of the action; that the plaintiff was entitled to the possession of the trucks; and that the defendant was not entitled to damages.

This case is complicated by the fact that a change in the law occurred after the action had been commenced but before the rights of the parties had been determined. The defendant's real complaint in this case is that the trial court applied the law as it existed at the time the case was decided rather than as it existed at the time the action was filed.

The mortgages involved in this case were given pursuant to the sale of trucks by the plaintiff to the defendant on July 7, 1960, and July 14, 1961. It is apparent that these transactions were made in conformity with the 1959 Installment Sales Act. In an opinion filed June 28, 1963, this court declared the 1959 Installment Sales Act unconstitutional and held that contracts made in conformity with it were in violation of the Installment Loan Act and subject to the penalties of that act. Elder v. Doerr, 175 Neb. 483, 122 N. W. 2d 528.

L.B. 17, which became effective on November 15, 1963, changed the penalties provided in the Installment Loan Act and was made retroactive as to all transactions made prior to November 15, 1963, except those on which an action at law or in equity had been reduced to final judgment as of November 15, 1963. § 45-155.01, R. S. Supp., 1963 (April 1965 Pocket Part).

The defendant argues that the right to possession in a replevin suit must be determined upon the facts which existed at the time the action was commenced, and that the parties' rights become vested when the action is commenced. The problem here arises out of a change in the law which occurred subsequent to the commencement of the action rather than a change in the facts.

The defendant is attempting to claim a vested right to the forfeiture of all principal, interest, and charges which was the penalty provided in the Installment Loan Act before L.B. 17 was enacted. There is no vested right in a usury law and it may be repealed or changed so as to affect causes of action or defenses in pending suits. Davis v. General Motors Acceptance Corp., 176 Neb. 865, 127 N. W. 2d 907.

L.B. 17 has been held to be constitutional and applicable to prior transactions which had not been reduced to final judgment as of November 15, 1963. The transactions involved in this action were made prior to November 15, 1963, and had not been reduced to final judgment as of that date. L.B. 17 is applicable to the transactions involved in this case and the indebtedness of the defendant is collectible to the extent of any unpaid principal baalnce. See Dailey v. A. C. Nelsen Co., 178 Neb. 881, 136 N. W. 2d 186.

The defendant further contends that the judgment should be reversed because the court erred in granting continuances to the plaintiff. The defendant argues that as a result of the continuances which were granted to the plaintiff, the Legislature was permitted to manufacture a defense to his answer and cross-petition which requested forfeiture of both principal and interest.

The defendant assumes that if the continuances had not been granted, the issues would have been made up, the case tried, a judgment rendered in his favor, and the judgment would have become final, all before November 15, 1963. The record does not establish that this

would have occurred. To that extent, it fails to show that the continuances resulted in any prejudice to the defendant.

A motion for continuance is addressed to the sound discretion of the court, and in the absence of a showing of an abuse of discretion, the ruling on the motion will not be disturbed. Bailey v. Karnopp, 170 Neb. 836, 104 N. W. 2d 417.

There is nothing in the record which establishes that the trial court abused its discretion in extending the plaintiff's time to plead in this case. The transcript does not show that any resistance was made to the plaintiff's request for additional time to plead, and any showing that may have been made was not preserved in a bill of exceptions. The trial court may have concluded that the continuances which were granted in this case would permit a more orderly and expeditious disposition of the litigation than if the plaintiff were forced to plead within the statutory time and then seek relief at a later time by revision and amendment.

The judgment of the district court is affirmed.

AFFIRMED.