STATE OF NEBRASKA EX REL. DELMAR STULP, APPELLANT, v. B. F. MUSCHEITES, APPELLEE.

139 N. W. 2d 887

Filed February 4, 1966. No. 36004.

Richard H. Hansen and Hyman Polsky, for appellant.

Dwight Griffiths and Robert S. Finn, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

This is a statutory proceeding in quo warranto to contest an election. On defendant's motion for summary judgment the district court dismissed the action, and relator has appealed.

The information alleges that at the general election held November 6, 1962, defendant, and not relator, was declared to be elected to the office of county clerk of Pawnee County, Nebraska, as a result of illegal votes and wrongful conduct by defendant. The answer and reply raise a formal issue of fact whether relator gave property of value as compensation for votes.

The motion for summary judgment was based partly on this formal issue. At the hearing both parties adduced evidence. The district court made a general finding for defendant in addition to a specific finding for him on another issue. The court also found from the pleadings, depositions, and admissions on file that there was no genuine issue as to any material fact, and it concluded that defendant was entitled to judgment as a matter of law.

There is no bill of exceptions. Therefore the finding

of no factual issue is presumed to have been correct, and we consider only the sufficiency of the pleadings to support the judgment. See Ehlers v. Pound, 176 Neb. 673, 126 N. W. 2d 893.

The judgment is supported by the allegations concerning the conduct of relator. If a candidate gives property of value as compensation for votes, his election will be void. § 32-1101, R. R. S. 1943. In a quo warranto proceeding by a claimant to public office a recovery by relator must be based upon the strength of his own title and not upon weakness in the claim of his adversary. State ex rel. Johnson v. Hagemeister, 161 Neb. 475, 73 N. W. 2d 625.

The judgment is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent from the majority opinion because it ignores the real issue presented to this court. The only issue on which the trial court made a specific finding was the fact that appellant had been convicted of a felony and his civil rights had not been restored so he was ineligible to hold public office. This was the issue extensively briefed and argued in this court. It is not referred to in any way by the majority opinion.

I am authorized to say that Carter, J., joins in this dissent.