STATE OF NEBRASKA EX REL. MARGARET L. HARTMAN, APPELLEE, v. HARL M. WEISS, DOING BUSINESS AS PHYSICIANS & SURGEONS' COLLECTION BUREAU, ACE METROPOLITAN COLLECTIONS, BAD CHECK BUREAU, CREDIT ENTERPRISES CO., AND MERCHANTS ADVISORY COUNCIL, APPELLANT.

150 N. W. 2d 264

Filed April 28, 1967. No. 36521.

Alfred A. Fiedler and Stephen E. Sturek, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and MURPHY, District Judge.

NEWTON, J.

Respondent is a duly licensed collection agency operator. Complaint was filed against him by the relator who stated therein that she was a bookkeeper for her husband, Dr. C. M. Hartman, and during January, February, and April of 1963, turned over 14 accounts to respondent. She had demanded a report on said accounts on several occasions but had not received one. Respondent collected various sums on such accounts and failed to make remittance thereon to Dr. C. M. Hartman within 45 days after the close of the calendar month during which such collections were made and did not make remittance thereon for more than 2 years after making the first collections, but did remit on August 6, 1965. Relator further states that respondent has failed to comply with the intent and purposes of sections 81-8,158 to 81-8,183, R. R. S. 1943.

For answer to the complaint, respondent admitted receipt of the Hartman accounts in January, February, and April of 1963, and the collection of various sums thereon, but alleged that he made remittance on such collections on June 14, 1965. He further alleged that he had an agreement with relator wherein he was to withhold remittance until full collection was made on such accounts, and for that reason, had failed to make remittance within the 45 day period provided by statute, and denies that he has failed to comply with the intent and purposes of the statutes mentioned in the complaint.

On hearing before the Nebraska Collection Agency Board, the board found that respondent had received the accounts mentioned in the complaint for collection; had made collections thereon for which he failed to remit within 45 days after the close of the calendar month during which such collections were made; and made no remittance thereon for more than 2 years after making the first collection. The board further found that respondent had no agreement authorizing him to retain the funds he collected until such time as he had fin-

ished working on the accounts and that he had failed to comply with the intent and purposes of sections 81-8,158 to 81-8,183, R. R. S. 1943. The board thereupon recommended to the Secretary of State that respondent's license be canceled and terminated. On appeal to the district court, the action of the Nebraska Collection Agency Board was affirmed and it was ordered that respondent's license be revoked.

No bill of exceptions has been filed on appeal to this court. In the absence of the bill of exceptions, no questions requiring the examination of evidence produced in the trial court will be considered. Bulger v. McCourt, 179 Neb. 316, 138 N. W. 2d 18. Under such circumstances, the only issue on appeal is the sufficiency of the pleadings to support the judgment. State ex rel. Stulp v. Muscheites, 179 Neb. 674, 139 N. W. 2d 887. Respondent does not contend that the complaint is insufficient to sustain the findings and decision of the Nebraska Collection Agency Board. His only assignments of error are that the district court erred in finding that respondent had failed to comply with the intent and purposes of sections 81-8,158 to 81-8,183, R. R. S. 1943, and in further finding that the Nebraska Collection Agency Board had not exceeded and abused its discretion in recommending that respondent's license be revoked.

Respondent urges that the Nebraska Collection Agency Board acted unreasonably, arbitrarily, and capriciously, and exceeded its authority since section 81-8,176, R. R. S. 1943, fails to specifically provide for the revocation of a collection agency license under the circumstances existing in this case. The Collection Agency Act comprises section 81-8,158 to section 81-8,183, R. R. S. 1943. This act was passed by the 1963 Legislature and has not been subsequently amended. Section 81-8,168, R. R. S. 1943, provides in part that a license: "* * * shall be granted only to applicants who are trustworthy, have a good reputation for honesty and fair dealings, who are financially responsible, and who are, in the

opinion of the board, competent to engage in the collection of accounts and claims of others." Section 81-8,169, R. R. S. 1943, requires licensees to post bond: "* * * payable to and approved by the Secretary of State and conditioned that the licensee shall faithfully and truly perform all agreements entered into with the licensee's clients or customers and shall, within forty-five days after the close of each calendar month, report to and pay to his or its client or customer the net proceeds of all collections made during the preceding calendar month and due to each client or customer, * * *." Section 81-8,173, R. R. S. 1943, directs the Secretary of State to cancel and terminate a collection agency license upon final conviction of the licensee for fraud or embezzlement, or upon final judgment against the licensee for fraud, embezzlement, or failure to account to his or its client or customers within the time provided for in section 81-8,168, R. R. S. 1943, or upon termination of the licensee's bond without renewal thereof, and upon various other grounds specified in the statute concluding with the provision that: "Such license or solicitor's certificate shall also be canceled and terminated if after a hearing, as provided in sections 81-8,158 to 81-8,183, the board recommends to the Secretary of State that such license or certificate be canceled and terminated." Section 81-8,174, R. R. S. 1943, provides for the filing of a complaint with the board, and section 81-8,176, R. R. S. 1943, provides for a hearing upon such complaint and that: "If the board finds that the cited licensee or solicitor has failed to comply with the intent and purposes of sections 81-8,158 to 81-8,183 or, in the case of a licensee, has failed to account to a customer or client as provided for in section 81-8,168 or is not financially responsible, the Secretary of State shall cancel such license or certificate."

Section 81-8,168, R. R. S. 1943, does not contain any provision for an accounting by the licensee to his client within a specified time as suggested in sections 81-8,173

and 81-8,176, R. R. S. 1943, yet, it would appear that the intention of the Legislature is clear.

The statutory provisions above set forth dealing with the revocation of licenses are penal in nature and as such are ordinarily to be strictly construed. In State v. Tatreau, 176 Neb. 381, 126 N. W. 2d 157, this court set out two rules which are applicable here. First, "When a statute is required to be strictly construed such statute should have a sensible construction." Second, "A guide to the meaning of a statute is found in the evil which it is designed to remedy." The Collection Agency Act is regulatory in nature and obviously intended for the correction of abuses and the protection of the public. A major abuse which can be indulged in by a licensee is a failure to properly account to his or its client with reasonable promptness and is one form of abuse which the Legislature sought to regulate. The statutes comprising the act must be construed as a whole and the intent of the Legislature as deduced from the whole will prevail over that of a particular part considered separately. Seward County Rural Fire Protection Dist. v. County of Seward, 156 Neb. 516, 56 N. W. 2d 700. Also, statutes pertaining to the same subject matter should be construed together as if they were one law and effect given to every provision. Bass v. County of Saline, 171 Neb. 538, 106 N. W. 2d 860.

Respondent contends that the Nebraska Collection Agency Board, under the provisions of section 81-8,176, R. R. S. 1943, may revoke his license only if he were convicted of fraud or embezzlement, or if judgment had been rendered against him for fraud, embezzlement, or failure to account to a client; and that since he was not the subject of such conviction or judgment, the board acted without authority. Were this construction to be placed upon section 81-8,176, R. R. S. 1943, it would serve to completely emasculate this section of the statute as section 81-8,173, R. R. S. 1943, provides that under such circumstances, the Secretary of State shall cancel and

terminate the license without a hearing. Section 81-8,176, R. R. S. 1943, contemplates action by the board after a hearing held as required by the various provisions in the act, and further provides for revocation of a license if the licensee has failed to comply with the "intent and purposes" of the act. As heretofore noted, this is a regulatory act aimed at the correction of abuses indulged in by collectors and the primary abuse is the failure to account within a reasonable time for collections made. Certainly consideration of the act as a whole indicates that a failure to so account is a violation of the "intent and purposes" of the act and confers authority on the board to direct a revocation of respondent's license. Under such circumstances, the judgment of the district court should be and is affirmed.

AFFIRMED.