STATE OF NEBRASKA EX REL. ARTHUR GENZ, APPELLEE, V.
CARL THOMAS, APPELLANT.

177 N. W. 2d 607

Filed June 5, 1970. No. 37489.

R. L. Gilbert, for appellant.

Van Steenberg, Winner & Wood, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

A public election contest between condidates Arthur Genz and Carl Thomas took the form of quo warranto on private relation of Genz. Both parties having moved for summary judgment, the district court rendered summary judgment for Genz. Thomas appeals. The main question concerns the effect of participation by Genz in establishing illegal procedure for absentee voting.

At the disputed election, held by Pathfinder Irrigation District in February 1969, for a 3-year directorship, the four absentee ballots that were cast were counted for Thomas. He won, defeating Genz by a single vote.

Genz had served on the district's board of directors from 1966 to 1969. Shortly before the election in February 1968, the board with Genz' approval adopted the illegal procedure. The method was simple. The statutory violations were serious enough to be conceded freely by the parties.

Genz contends that his conduct has not militated against the quo warranto remedy. Section 25-21,146,

R. R. S. 1943, in effect since 1858, reads: "When any citizen . . . shall claim any office . . . unlawfully held and exercised by another, the person so claiming such office shall have the right to file . . . an information in the nature of a quo warranto, upon his own relation, and . . . to prosecute said information to final judgment; Provided, he shall have first applied to the prosecuting attorney . . . , and the prosecuting attorney shall have refused or neglected to file the . . . (information)."

We sketch antecedents of the statute. At common law the quo warranto writ and information were proceedings which a private relator could not commence. Ferris, The Law of Extraordinary Legal Remedies, 127 (1926). The 9th Anne, c. 20 (1710), authorized quo warranto to determine rights of parties to certain municipal offices on relation of private individuals. Newman v. Frizzell, 238 U. S. 537, 35 S. Ct. 881, 59 L. Ed. 1446 (1915). Leave to file the information was discretionary. Denial might result from participation, concurrence, or acquiescence of relator with knowledge of the irregularity. Constantineau, Public Officers and the De Facto Doctrine, 659 to 662 (1910).

The English experience and problems concerning public and private interests contributed to diversity of opinion in the United States. ". . . where there are special proceedings authorized by statute, they partake of the nature and retain most of the substance of the common law procedure by quo warranto." McCrary, American Law of Elections, 294 (4th Ed., 1897). In some states a private relator might be vulnerable because of his conduct in all the circumstances. See, Constantineau, *supra,* 659 to 662; Ferris, *supra,* 129, 130.

We approve this rule. A private relator in statutory quo warranto contesting a public irrigation district election and participating or acquiescing with knowledge of an election irregularity may not be entitled to relief for that reason in certain circumstances. Cf. State ex rel. Stulp v. Muscheites, 179 Neb. 674, 139 N. W. 2d 887

(1966); State v. Broatch, 68 Neb. 687, 94 N. W. 1016 (1903). See, generally, Annotation, 51 A. L. R. 2d 1306 (1957). His right may depend upon balancing his conduct against the following interests: (1) Nature of the office and degree of public interest in the result of the contest. (2) Desirability of protecting public officers from repeated attacks. (3) Desirability of reasonable limits upon judicial intervention. (4) Protection of voters from disfranchisement. (5) Preservation of integrity of the electoral process.

Weighing the conduct of Genz and those circumstances, we conclude that the district court ought to have rendered summary judgment for Thomas. The judgment is reversed and the cause remanded with directions to render judgment accordingly.

REVERSED AND REMANDED WITH DIRECTIONS.