EDWARD A. JINDRA, APPELLEE, v. S.M.S. TRUCKING CO., A CORPORATION, ET AL., APPELLANTS.
192 N. W. 2d 139

Filed December 3, 1971. No. 37986.

Deutsch & Hagen and Thomas H. DeLay, for appellants.

George H. Moyer, Jr., of Moyer & Moyer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an action for property damage and personal injury growing out of a truck and farm tractor collision on a public highway. The plaintiff is the owner and operator of the tractor. The defendants are the owner and driver respectively of the truck. The jury returned a verdict in the amount of $2,745.80 for the plaintiff and the defendants appeal. Ten assignments of error are made but they boil down to two issues which are: (1) Did the trial court abuse its discretion in refusing to

grant the defendants a continuance because of the unavailability of the defendant Nelson as a witness. (2) Was the evidence sufficient to submit to the jury the questions of future pain and suffering and permanent disability. Contingent upon the determination of this issue is the related question of the propriety of the relevant instructions to the jury. We affirm.

On November 19, 1970, 4 days before the trial date, the defendants' attorney filed a motion for a continuance founded upon the unavailability of the defendant Nelson as a witness. The affidavit in support of the motion shows the case was referred to counsel on October 10, 1968, by the insurance carrier of the defendants; at that time the defendant trucking company was bankrupt and had been dissolved, and information was furnished to counsel that Nelson lived at a certain address in Fremont, Nebraska; in September 1969, a letter was mailed to Nelson at his Fremont address notifying him that the case was on the trial list; later during that month counsel was notified by Nelson's mother that he lived in Arizona, that she had heard from him by telephone, and he had stated he would come to testify if his expenses were paid; the case was then continued for various reasons; in October 1970, the insurance carrier began to try to locate Nelson who had moved without leaving an address; efforts to locate Nelson had failed; and apparently at no time had there been any personal communication between counsel and Nelson. The court denied the continuance because it "was not timely filed, that there was no showing that the Defendant, Henry J. Nelson, would or could be present at a later time and for the further reason that said case has been on file since August 19, 1968, and has already been passed for trial through three terms and is the oldest case for trial on the docket * * *." A motion for continuance is addressed to the sound discretion of the court, and in the absence of a showing of an abuse of discretion, a ruling on a motion for a continuance will not be disturbed. White Motor

Co. v. Reynolds, 179 Neb. 91, 136 N. W. 2d 437. We cannot say that there was any abuse of discretion in this case.

The evidence on issue (2) is substantially as follows: The collision caused the plaintiff to bump his head against the tractor cab and he was bounced around in the cab. The plaintiff testified: "Well, I had a bump on my head, and then my shoulder hurts. It hurt then and it still does." He could not work much the next day. He sought medical assistance a couple of months later. He saw the doctor twice. Pills were prescribed. He next consulted a doctor about 2 years later, apparently in preparation for trial. He saw him twice. Before the accident he had no trouble with his neck and shoulder. The shoulder still hurt at trial time. The pain is between the base of the neck and the tip of the shoulder. It interferes with hard work such as "pitch corn, use a fork or shovel or raise something heavy." He has to have extra help on this account.

The physician who examined the plaintiff on the two occasions within a few months before trial was the only medical witness. He testified that X-rays disclosed a very minimal arthritis on the vertebrae of the neck and that he had no opinion as to the cause or whether it antedated the accident. He then testified (seemingly contradictorily) that the accident aggravated the condition. Without objection to foundation or otherwise he then testified: "Q Doctor, do you have an opinion as to whether or not Mr. Jindra will continue to suffer pain as a result of the accident on May 18, 1968? A Yes. Q Would you give us your opinion, please. A Yes, he will. . . . Q And would you describe for the Court and Jury, please, Doctor, what disability that he was experiencing when you last saw him? A He complained to me of the same disability he had at the time of his examination approximately two months earlier, limitation of motion of the left shoulder and pain up into the neck from— shoulder and neck. I found no change." He estimated

the plaintiff's disability at 15 percent of the body as a whole. He further testified that on the occasion of his last examination of the plaintiff he found no change in plaintiff's condition. Again without objection he testified: "Q Doctor, what are the prospects in your opinion, and again within a reasonable medical certainty, for improvement in Mr. Jindra's condition? A I must be guarded; I would expect him to continue to have trouble, but I can't testify that he will," and further stated that as long as plaintiff continued farming it is reasonably medically certain that his disability will continue and he will continue to have pain. On recross examination he stated he could not state the extent of aggravation. On redirect he stated that the limitation of motion in the shoulder has caused "pain and inflammatory changes in muscles" and "the muscles of the neck are tightly packed around the cervical spine, and an injury or a swelling or an irritation of the joints of the cervical spine will in turn cause inflammatory change in the muscles and then they will go into a sort of a spasm: and when they do, the motion of that muscle is limited." Again without objection he testified: "Q Doctor, will you tell the Court and Jury whether or not this limitation of motion to which you have referred in your opinion, again within a reasonable medical certainty, is caused by the injury that Mr. Jindra suffered in the accident on May 17, 1968? A Yes."

The defendants essentially argue that because the doctor testified that he could not state the arthritis preceded the accident there is no basis for the testimony of aggravation and therefore the testimony is legally insufficient. This overlooks the fact that the doctor's testimony was based on his acceptance of the plaintiff's statement as shown by the history he took that the plaintiff had no symptoms prior to the accident and they started at that time. As already noted the plaintiff testified that he had had no prior problems.

The court instructed the jury as follows: "You will

disregard any reference during the trial of this case to any statement about the aggravation of a pre-existing arthritic condition, and you shall not allow any damages for pain and suffering or for disability resulting from any such arthritic condition." The jury could find under the evidence that the plaintiff's symptoms and disability were wholly caused by the accident and the injuries suffered at that time.

The defendants assign as error the refusal of the court to give their requested instruction No. 1. The substance of the requested instruction was given in the instruction quoted above. There is no error here.

The defendants assign as error the giving of the instructions submitting to the jury the questions of future pain and suffering and permanent injury. The doctor's opinion on these points previously referred to and to which no objection was made as to foundation or otherwise was sufficient for these issues to be submitted and to support a finding by the jury that the plaintiff would suffer future and/or permanent pain, suffering, and disability. The testimony of the doctor was not without probative force. The jury was properly instructed that plaintiff could recover for such of these elements as were "reasonably certain to be experienced in the future." This is the test. Boardman v. McNeff, 177 Neb. 534, 129 N. W. 2d 457. The instructions given are those approved by rule of this court. There is no error here.

Defendants assign as error the instruction given by the court on reducing damages for future pain and disability to their present worth. The instruction given was that approved by rule of this court. There is no error here.

AFFIRMED.