DOUGLAS COUNTY BANK, A CORPORATION, APPELLANT, V. DEPARTMENT OF BANKING, STATE OF NEBRASKA, ET AL., APPELLEES.

192 N. W. 2d 401

Filed December 10, 1971. No. 37996.

Acklie & Peterson and Donald H. Bowman, for appellant.

Clarence A. H. Meyer, Attorney General, Ralph H.

Gillan, Abrahams, Kaslow & Cassman, and Nelson, Harding, Marchetti, Leonard & Tate, for appellees.

Heard before SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This appeal by Douglas County Bank challenges an order of the Director of Banking of the State of Nebraska granting the application of Ames Plaza Bank to transfer its charter and to move its bank to a new location. We affirm.

Ames was granted a bank charter in 1962 and commenced business in rented quarters in the Ames Plaza Shopping Center, with 12 employees and 3,290 square feet of space. It subsequently added 935 square feet of space to these facilities. Under the evidence adduced by Douglas, Ames might have enlarged its facilities more than it did, although there is a serious question as to whether the possibility suggested would have been suitable. At the time of the hearing before the Director, Ames had 46 employees in its main facility. The evidence is conclusive that Ames' present facility is so cramped and overcrowded that it is severely handicapped in attempting to meet the needs of its banking customers.

We do not deem it necessary to a clear understanding of the questions presented to review the evidence in detail or even to set forth the substance thereof. The main issue as we see it is whether the evidence will sustain the action of the Director. We think it sufficient to here state that we have carefully examined the record and are of the opinion that the order entered is fully supported by the evidence. We concern ourselves with other issues raised by Douglas.

The first assignment of error we notice is that the order of the Director is void for failing to contain legally sufficient findings of fact and conclusions of law. The

order entered by the Director contains eight findings of fact, including the following:

"5. That said bank is now located in a building of inadequate size to properly serve its customers and that additional space is not available.

"6. That said bank has an option to acquire property at the S. W. Corner of the Intersection at 72nd Street, Ames Avenue and Military Avenue, Omaha, Douglas County, Nebraska, upon which to construct a modern new building with a new modern vault for security purposes.

"7. That construction of the proposed building and the moving to the proposed new location will be a credit to the community and will better serve the customers of said bank.

"8. That the public necessity, convenience and advantage will be promoted by permitting said bank to move from its inadequate present location to the location set out in its application."

These findings adequately set out the factual basis for the order. Section 84-915, R. R. S. 1943, provides: "The findings of fact shall consist of a concise statement of the conclusions upon each contested issue of fact." The main contested fact issues were the adequacy of the present quarters, the unavailability of additional space, the suitability of the proposed site, and whether public necessity, convenience, and advantage would be promoted if the application were granted. These issues are clearly covered by the above findings.

While the conclusions of law set out in the Director's order may not be as fully enunciated as Douglas may wish, they are sufficient when considered with the findings of fact to support the order entered.

Douglas relies heavily upon Yellow Cab Co. v. Nebraska State Railway Commission, 176 Neb. 711, 127 N. W. 2d 211. That case involved the fixing of rates. This case involves the transfer of an existing bank charter to another location in the immediate vicinity. There

is a distinction. See First Nat. Bank & Trust Co. v. Ley, 182 Neb. 164, 153 N. W. 2d 743, which was a proceeding in error to review an order of the Department of Banking granting a new charter. There this court pointed out: "The appellants further complain that the findings of fact, which are in the language of the statute, are not sufficient. We have held that such findings of fact are not sufficient in rate cases. See Yellow Cab Co. v. Nebraska State Railway Commission, 176 Neb. 711, 127 N. W. 2d 211. But in this type of case, such findings are adequate. See Young v. Morgan Drive Away, Inc., 171 Neb. 784, 107 N. W. 2d 752."

The second assignment of error we consider is the claim that Ames did not establish that the public necessity, convenience, and advantage would be promoted by the transfer of its charter. Douglas devotes a substantial portion of its brief to this point. It relies on Jackson v. Valley National Bank of Egan Township, 277 Minn. 293, 152 N. W. 2d 472, which it refers to as a recent landmark case. That case sets out 12 factors to be determined in answering the question preliminary to the issuance of a new bank charter, and has no relevancy herein. The instant case does not deal with the application for a new bank charter but rather the moving of an existing charter within the bank's present trade area. The proposed location is only 1 mile from the present one. The distance of Douglas from both the present and the proposed location is exactly the same, 1.3 miles. The record was sufficient to permit the Director to conclude that public necessity, convenience, and advantage would be promoted by the transfer of the charter.

The last assignment of error we consider is the contention that the Director failed to offer and include the results of any independent investigation made by the Department of Banking and Ames' application to the Federal Deposit Insurance Corporation as a part of the record herein.

Douglas first refers to section 8-122, R. S. Supp., 1969,

which has no application herein. That section involves the granting of a bank charter and not the removal of an existing one.

Douglas then refers to section 84-914 (3), R. S. Supp., 1969, which reads as follows: "All evidence including records and documents in the possession of the agency *of which it desires to avail itself* shall be offered and made a part of the record in the case. No other factual information or evidence shall be considered in the determination of the case. Documentary evidence may be received in the form of copies of excerpts or by incorporation by reference." (Emphasis supplied.) We note the statute specifically provides that if the Department desires to avail itself of other evidence, it shall be offered and made a part of the record. There is no indication herein that the Director considered any evidence other than that adduced at the hearing. In fact, relative to the FDIC application, we note the following ruling of the Director when it was suggested the Director's copy be made a part of the record: "* * * the application to the FDIC is a confidential record as far as the FDIC is concerned, and we cannot disclose that as far as the Department here is concerned. As far as the Department is concerned, I feel that we have enough evidence before us at this time pertaining to the bank's intention as to what it is going to do with the site, and do not see at this point the need to go into—have the document submitted as part of the evidence in the matter."

Without some contrary showing, we presume that the Director complied with the statute. In Shupe v. County of Antelope, 157 Neb. 374, 59 N. W. 2d 710, we said: " 'It is a presumption of law that public officers will perform their public duties.' "

The judgment is affirmed.

AFFIRMED.

SMITH, J., participating on briefs.