Elm Creek State Bank, appellant, v. Department of Banking of the State of Nebraska et al., appellees, Federal Deposit Insurance Corporation, intervener-appellee.

216 N. W. 2d 883

Filed April 4, 1974. No. 39211.

Kenneth Cohn, Theodore J. Furry, and Phyllis M. Beck, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellees.

Tye, Worlock, Tye, Jacobsen & Orr, for intervener-appellee.

Heard before Spencer, Boslaugh, McCown, Newton, and Clinton, JJ., and White, District Judge.

McCown, J.

This is an action by a state bank to enjoin further

administrative proceedings by the Director of Banking, State of Nebraska, after the Director had taken possession of the bank and declared its insolvency in accordance with section 8-194, R. R. S. 1943. The action here was brought under the provisions of section 8-195, R. R. S. 1943. At the hearing the plaintiff bank requested a continuance. Upon denial of the continuance, the plaintiff bank refused to proceed and the court granted the motion of the Department of Banking. to deny the plaintiff bank any relief. The bank has appealed.

On April 20, 1973, the Department of Banking of the State of Nebraska, through its Director, took possession of the Elm Creek State Bank of Elm Creek, Buffalo County, Nebraska, in accordance with the provisions of sections 8-187 and 8-188, R. R. S. 1943. On May 8, 1973, the Director of Banking. filed a declaration of insolvency of the Elm Creek State Bank in the District Court for Buffalo County, as provided by section 8-194, R. R. S. 1943, together with an inventory of the property, assets, and liabilities of the bank, as provided in section 8-192, R. R. S. 1943. These filings were designated as case No. 3382.

On May 16, 1973, the Elm Creek·State Bank filed this proceeding in the District Court for Buffalo County against the Department of Banking and Henry E. Ley, Director, under the authorization granted in section 8-195, R. R. S. 1943. The initial pleading was designated as a motion for an order to show cause. The filings by plaintiff bank were designated as case No. 3393. On the same day, May 16, 1973, the court notified the parties that the. motion for equitable relief would be. heard on its merits on May 19, 1973. On that date the bank filed its motion to disqualify·the trial judge. The trial judge disqualified himself and on May 21, 1973, the successor trial judge set the matter for hearing on June 4, 1973; and directed. counsel for each party to submit a trial brief not later than May 30, 1973. On May 24, 1973, the

Federal Deposit Insurance Corporation filed its petition to intervene in case No. 3393, alleging that it had been in possession of all the assets of the Elm Creek State Bank since May 8, 1973; had begun making payments to depositors on May 19, 1973; and that the Elm Creek State Bank was insolvent. On May 29, 1973, the Federal Deposit Insurance Corporation was allowed to intervene and was made a party.

On June 4, 1973, after two continuances until later in the day, the bank filed an amended motion to inspect and copy certain records. The motion was sustained as to the first four paragraphs and overruled as to the balance. Based on stipulation of counsel, cases Nos. 3382 and 3393 were ordered consolidated and the matter was continued until the following day.

On June 5, 1973, the Department of Banking filed its response to the motion for order to show cause. On June 5, 1973, the Elm Creek State Bank filed a "motion for discovery," alleging that it was necessary to take the depositions of 10 individuals. The motion stated that six of the persons were individual customers or borrowers having material information as to their transactions with the bank. Another individual was an allegedly hostile witness involved in an application for a national bank in Elm Creek. Two individuals were employees of the Federal Deposit Insurance Corporation, and one was the Director of Banking for the State of Nebraska, who was an individual party. The testimony of these four was indicated to be material to establish the motivation for the proceedings against the bank. The only reason stated in the motion as justification for taking these requested depositions was that the trial court had stated that plaintiff "is required to sustain the burden of proof * * *." Along with the "motion for discovery," the Elm Creek State Bank filed a motion for continuance. The only ground stated in support of the motion for continuance was to give the

plaintiff bank time to complete the depositions referred to in the "motion for discovery."

The judge's minutes show that the motion for continuance was overruled and that the bank was ordered to proceed to trial and refused to proceed. The Department of Banking moved that the bank's motion to set aside the order of the banking department be denied. That motion was sustained and the bank's motion for relief was denied. Thereafter the motion of the Elm Creek State Bank for a new trial was overruled and this appeal followed. There is no bill of exceptions, but the transcript is 467 pages.

This case turns upon the issue of who had the burden of proving the solvency or insolvency of the Elm Creek State Bank in a proceeding under section 8-195, R. R. S. 1943. A secondary issue is whether or not the refusal to grant a motion for continuance made on the day set for trial was an abuse of discretion.

Section 8-195, R. R. S. 1943, provides: "Whenever any bank of whose property and business the director has taken possession or whose insolvency has been declared as provided in section 8-194 deems itself aggrieved thereby, it may, at any time not later than ten days after such declaration of insolvency has been filed with the clerk of the district court of the county in which the bank is located, petition the district court to enjoin further proceedings, and the court, after citing the director to show cause why further proceedings should not be enjoined, and hearing the allegations and proofs of the parties and determining the facts, may, upon proof by the bank, its officers or directors, that it is solvent, that the business of the bank has been and is being conducted as provided by law, that it is not endangering the interests of its depositors and other creditors, and that the director has acted arbitrarily and abused his discretion either by taking possession of the bank or by finding and declaring the bank to be

insolvent and ordering its liquidation, set aside such declaration of insolvency and enjoin the director from proceeding further, and direct him to surrender the business and property to the bank. On proof that the bank is insolvent and that its stockholders have failed to restore solvency as provided by law, or that the bank is being operated in violation of law, and that the director has acted within his powers, the petition shall be dismissed by the court."

This section provides the statutory method of appeal or collateral attack upon a determination of insolvency of a state bank made by the Director of Banking under the provisions of section 8-194, R. R. S. 1943.

The transcript here reflects a maze of confusion, both substantive and procedural. There is no "petition" by the plaintiff but only a motion for an order to show cause, which we shall treat as an initial pleading to institute the action. There is no order to show cause, but we shall treat the court's notification that the motion for equitable relief would be heard on a specified date sufficient notice. There are no findings of fact nor is there any journal entry of judgment. Only the judge's minutes are available and for the purposes here, we shall assume that the minutes showing the plaintiff bank's motion for relief is denied was intended also to constitute a dismissal of the proceedings.

Whether the proceedings instituted by a state bank under section 8-195, R. R. S. 1943, are regarded as an appeal or as a statutory form of collateral attack is actually immaterial. Under either theory, the bank has the burden of going forward with the evidence to establish that the order or finding, or action or proceeding, appealed from or attacked, was erroneous. The plaintiff bank contends that the Director of Banking must affirmatively establish that his previous action was authorized and legally valid. That contention assumes that official action taken by an administrative agency

under statutory authority is presumed to be illegal until its legality is judicially confirmed. The law is just the opposite. It is a presumption of law that public officers will perform their public duties. In the absence of a contrary showing, this court will presume that the Director of Banking complied with the law. Douglas County Bank v. Department of Banking, 187 Neb. 545, 192 N. W. 2d 401.

In an appeal the appellant has the burden of establishing that there was error in the proceeding from which he appeals. That rule is so fundamental that it needs no citation of authority. The corollary rule in an action for an injunction is equally clear. The plaintiff in an injunction proceeding must prove by competent evidence every controverted fact necessary to entitle him to the relief asked. See, Beckman v. Lincoln & N.W. R.R. Co., 79 Neb. 89, 112 N. W. 348; World Realty Co. v. City of Omaha, 113 Neb. 396, 203 N. W. 574; Gering Irr. Dist. v. Mitchell Irr. Dist., 141 Neb. 344, 3 N. W. 2d 566.

It is undisputed that at the hearing the plaintiff refused to introduce any evidence, and was consequently entitled to no relief. There are no affirmative findings of fact in the transcript and there is no bill of exceptions. There is nothing to show that evidence was not introduced at the hearing to prove that the bank was insolvent and that its stockholders had failed to restore solvency as provided by law. Section 8-195, R. R. S. 1943, requires such proof before the proceedings can be dismissed and in the absence of a bill of exceptions we must assume that the trial court complied with the statute. In the absence of a bill of exceptions, no questions requiring the examination of evidence produced in the trial court will be considered. Under such circumstances, the only issue on appeal is the sufficiency of the pleadings to support the judgment. State ex rel. Hartman v. Weiss, 181 Neb. 685, 150 N. W. 2d 264. There

is no question but that the pleadings by the Department of Banking, as well as by the intervener, Federal Deposit Insurance Corporation, are each more than sufficient to establish that the Elm Creek State Bank was insolvent and that its stockholders had failed to restore solvency as required by law.

A dismissal of the proceedings here was fully justified unless the denial of the continuance requested constituted an abuse of judicial discretion. The motion for continuance was not supported by affidavit as required by statute, but disregarding that, the grounds stated as reflected in the transcript were wholly insufficient. There was not even an intimation that due diligence had been used to obtain the testimony of the witnesses whose depositions the plaintiff wished to take. The Director of Banking had taken possession of the plaintiff bank more than 6 weeks before the hearing date. The declaration of insolvency, together with the specifications regarding it, and the inventory of assets and liabilities, had been filed in the District Court almost a month before the hearing. The only real issue before the court at the hearing was whether or not the Elm Creek State Bank was insolvent. See Farmers State Bank v. Luikart, 131 Neb. 692, 269 N. W. 627. Obviously that issue might be established by plaintiff's own officers and employees. There is no showing of any kind that the testimony of various customers of the bank would be critical or necessary on the single vital issue of the solvency or insolvency of the bank.

In addition to the factors already discussed, it is apparent from an examination of section 8-195, R. R. S. 1943, that prompt and expeditious determination of the issues of solvency and failure to restore solvency is a practical necessity in administrative receivership proceedings involving state banks. Not only do the interests of stockholders, depositors, creditors, and claimants require prompt judicial action, the interests of the public

and of the State in the financial stability of state banks also require prompt and accurate determination of these issues. The limit of 10 days for filing a petition under section 8-195, R. R. S. 1943, and the lack of any specification of time for the issuance of an order to show cause are graphic illustrations of the intention of the Legislature to expedite the proceedings as far as it can reasonably be done. A reasonable time to establish and determine the critical fact of solvency or insolvency is also necessary. In any event, the situation cannot justify waiting until the moment of hearing to begin to marshal the necessary evidence. A motion for a continuance is addressed to the sound discretion of the court, and in the absence of a showing of an abuse of discretion, a ruling on a motion for a continuance will not be disturbed on appeal. Jindra v. S.M.S. Trucking Co., 187 Neb. 502, 192 N. W. 2d 139.

Under the condition of the record in this case there was no abuse of discretion and the judgment is affirmed.

AFFIRMED.

SPENCER, J., concurs in the result.

BOSLAUGH, J., concurring.

I concur in the result reached in this case. However, I do not agree that in all cases the Director of Banking is required to prove the bank is insolvent before proceedings under section 8-195, R. R. S. 1943, may be dismissed.

The banking laws of this state provide for administrative as distinguished from judicial liquidation of insolvent state banks. See Farmers State Bank v. Luikart, 131 Neb. 692, 269 N. W. 627.

Here the director had taken possession of the bank and had filed a declaration of insolvency. There was a presumption the action of the director was valid. In an action under section 8-195, R. R. S. 1943, to enjoin further proceedings, the bank had the burden of going forward with the evidence. This means the bank was

the party who would be defeated if no evidence was introduced. The bank's refusal to proceed after it was ordered to proceed to trial justified the dismissal of the proceedings.