ELMER RICHARDSON ET AL., APPELLANTS, V. SCHOOL DISTRICT NO. 100 OF KEYA PAHA COUNTY, AND THE STATE BOARD OF EDUCATION OF THE STATE OF NEBRASKA, APPELLEES.

348 N.W.2d 873

Filed May 11, 1984. Nos. 83-461, 83-468.

John C. Schraufnagel of Cronin, Hannon & Symonds, for appellants.

William B. Cassel of Cassel & Cassel, for appellee School District No. 100.

KRIVOSHA, C.J., WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The plaintiffs, Elmer Richardson, Havor Heyden, Curtis Hitchcock, and Larry McCarthy, appeal the judgments of the district court for Lancaster County, Nebraska, which affirmed the decisions of the State Board of Education denying the payment of tuition for the plaintiffs' children to attend high school in Burke, South Dakota, for the 1981-82 and 1982-83 school years.

These cases were commenced when the plaintiffs made application to the board of education of School District No. 100 of Keya Paha County, in accordance with Neb. Rev. Stat. § 79-1103.05 (Reissue 1981), which provides as follows:

(1) When application is made in writing by the parent or guardian of a pupil subject to the provisions of this section, the board of education of any school district of the sixth class maintaining an accredited high school may pay the regular high school tuition for any pupil residing in such school district and attending an accredited or approved high school in this state outside such school district when such high school shall be located at least ten miles closer to the place of residence of such pupil than the school maintained by such school district and when, in the opinion of the board of education, the best interest of such pupil or such school district may so require. When the school attended is outside this state, the board of education may pay the regular high school tuition or such portion thereof as may be agreed upon by the respective governing bodies.

(2) Any parent or guardian of such student who is aggrieved by a decision of the board of education may appeal such decision to the State Board of Education. If the State Board of Education determines that it would be in the best interest of such student to attend a school outside the State of Nebraska, fifty per cent of the high school tuition for such student shall be paid by the State Department of Education from funds budgeted and appropriated for such purpose. Such funds shall not exceed five thousand three hundred seventy-five dollars. In the event that appropriated funds are insufficient to provide fifty per cent of the high school tuition as required under the provisions of this section, the

appropriated funds shall be prorated among the students who qualify under this section.

The local school board denied the applications for tuition payments, and appeals were taken to the Nebraska State Board of Education. In both cases the State Board of Education affirmed the decision of the local school board. The district court affirmed the decisions of the State Board of Education, and, pursuant to a joint motion of the parties, these cases were consolidated for this appeal.

The plaintiffs assert as error: (1) That the trial court erred in finding it was in the best interests of the plaintiffs' children to attend school in Keya Paha County rather than Burke, South Dakota; (2) That the decision of the trial court was not supported by sufficient evidence; and (3) That the trial court erred by improperly considering any hardship that the local school district might suffer by reason of the plaintiffs' children attending school in Burke, South Dakota.

Verbatim transcripts of the testimony at the State Board of Education hearings, together with documentary evidence presented at the hearings, appear as exhibits in the bill of exceptions.

The school maintained by the defendant school district in Springview, Nebraska, is approximately 34 miles from the plaintiffs' homes, whereas the Burke, South Dakota, high school is 15 miles. Prior to the 1981-82 school year, 17.4 miles of the road to Springview consisted of a gravel and dirt road. This road, Highway 12, has now been hard-surfaced, resulting in a much improved roadway. Both schools have adequate facilities and each provides an assortment of extracurricular activities.

This is an appeal from an order of a state agency based upon certain findings of fact. Neither this court nor the district court is entitled to review the record de novo to make those enumerated findings itself. Rather, on appellate review, even if we do not agree with the decision of the State Board of

Education, we determine only whether the findings of the board are supported by substantial evidence or are arbitrary or capricious. Neb. Rev. Stat. § 84-917 (Reissue 1981).

Both the State Board of Education and the district court made the specific factfinding that it was in the best interests of the plaintiffs' children to attend the accredited high school in their resident district. Although the plaintiffs argue the record does not contain sufficient evidence to support the decision that it is in the best interests of the children to attend school in Springview, the finding of the State Board of Education and the district court is supported by the record before us.

Keya Paha County High School offers about 400 credit hours in academic areas and had plans to install computer usage into the school system in the 1982-83 school year. Students at Keya Paha performed in class plays and competed in the Chadron High School interscholastic academic contest, state speech contest, and state track meet. The music department has received awards in the district music contest, and the school presented a spring festival to the town, showcasing a number of works from the art department, an exhibit from the industrial arts department, a style review from the home economics department, and entertainment from the music department.

Keya Paha has a staff of 10 teachers, of whom 3 have master's degrees and have been on the staff from 2 to 7 years. Even the plaintiff Richardson admitted the roads are equal now that Highway 12 has been blacktopped.

Having made the determination that sufficient evidence existed, we now determine whether the State Board of Education's decisions were arbitrary or capricious. To support their position the plaintiffs rely solely on the shorter distance factor to argue: (1) The children are less likely to be stranded on a road in bad weather; (2) Extra time spent traveling to

Springview can be spent helping parents at home; (3) Students could take part in more activities at Burke; (4) Burke school system provides free bus service within 2 miles of each student; and (5) Parents can attend more school activities.

On an appeal the appellant has the burden of establishing that there was error in the proceeding from which the appeal is taken. *Elm Creek State Bank v. Department of Banking*, 191 Neb. 584, 216 N.W.2d 883 (1974). In citing only the distance factor we cannot say the plaintiffs have sustained the burden of proving the State Board of Education's decisions to be arbitrary and capricious.

The evidence in the record before us is sufficient, and the first two assignments of error have been disposed of, making the third unnecessary to discuss.

The decision of the trial court is affirmed.

AFFIRMED.

BOSLAUGH, J., participating on briefs.